UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

DASHAWN A. LARODE,[1]

                        Plaintiff,

   -against-

BRIAN MOYNIHAN, *d/b/a CEO Bank of America*;
JOHN ROSATTI, *d/b/a CEO Plaza Auto Mall*; and
GEORGE BADEEN, *d/b/a Allied Finance
Adjusters/NYCR Industries Corp*,

                        Defendants.

**ORDER**
**24 CV 8622 (HG)(LB)**

----------------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

*Pro se* plaintiff filed the complaint in this action on December 18, 2024. ECF No. 1. The Honorable Hector Gonzalez, United States District Judge, has referred this case to me for all pretrial purposes. Enclosed is a copy of the "Individual Practices of Magistrate Judge Bloom."[2] Plaintiff and defendants, alike, are required to follow the individual rules of the undersigned and Judge Gonzalez.

Defendant "Brian Moynihan doing business as CEO Bank of America" requests, with plaintiff's consent, an extension of time to respond to plaintiff's complaint. ECF No. 6. Although it was not made in compliance with my Individual Rules, defendant's request is granted as a courtesy. Defendant Moynihan shall respond to plaintiff's complaint by February 7, 2025.

Defendant also states that plaintiff attempted "improper service of the Complaint on Defendant by certified mail."[3] Mailing the summons and complaint to a defendant is not proper

---

[1] The Clerk of Court is respectfully directed to amend the docket to reflect the correct spelling of plaintiff's name.
[2] These rules are available on the Court's website at https://www.nyed.uscourts.gov/pub/rules/LB-MLR.pdf and https://www.nyed.uscourts.gov/pub/rules/HG-MLR.pdf.
[3] Plaintiff filed proof of service on all three defendants on December 18, 2024 "by USPS." ECF No. 5.

1

service under federal or New York state law. See Fed. R. Civ. P. 4(e).[4] Furthermore, Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff shall have 90 days from December 18, 2024 to serve defendants with the summons and complaint and file proof of proper service with the Court.[5] Accordingly, if proper service is not made upon defendants by March 18, 2025, or if plaintiff fails to show good cause why such service has not been effected by that date, I shall recommend that the Court should dismiss this action without prejudice. For information regarding court procedures, plaintiff may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

Plaintiff is required to advise the Clerk of Court of any change of address. Failure to keep the Court informed of plaintiff's current address means the Court will not know where to contact plaintiff and may result in dismissal of the case.

Consent for Electronic Service

Plaintiff may choose to receive electronic notification of court-issued filings in this civil case. By registering for electronic notification, plaintiff will be waiving the right to receive service

---

[4] "Any person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Service may be made on an individual using a method authorized by New York state law, see N.Y. C.P.L.R. § 308, or by "doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

[5] The Court also notes that plaintiff's complaint includes purported proof of service on all three defendants on December 17, 2024, ECF No. 1 at 37-42, one day before the Clerk of Court issued a signed summons, ECF No. 6. The proof of service forms dated December 17 list the same USPS tracking numbers as the proof of service forms dated December 18. See ECF No. 5. Service of an unsigned summons is ineffective. Fed. R. Civ. P. 4(a)(1)(F).

of court-issued documents such as notices, decisions, opinions, memoranda & orders, orders, judgments, and appeal instructions in paper form by mail. Instead, plaintiff will be sent notices of electronic filing via e-mail. Because plaintiff will be receiving court-issued documents only in electronic form, plaintiff must maintain a valid email address and regularly check email. For more information and for eligibility criteria, please review the enclosed "Instructions for Pro Se Registration and Consent for Electronic Service of Orders and Notices Issued by the Court in Civil Cases." If plaintiff is eligible and wishes to receive electronic notification of court-issued documents, plaintiff should complete the attached Registration and Consent form and return the form to the Court.[6] Plaintiff is advised that even if plaintiff chooses to receive electronic notifications in this action, plaintiff is still required to advise the Court of any mailing address changes.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January 8, 2025
       Brooklyn, New York

---

[6] If plaintiff has more than one action pending before the Court, plaintiff must complete a separate Registration and Consent form for each case in which plaintiff wants to receive electronic notifications. Additional copies of the form are available on the Court's website: www.nyed.uscourts.gov/forms/all-forms/prose_forms.