# McGuireWoods

McGuireWoods LLP
1251 Avenue of the Americas
20th Floor
New York, NY 10020-1104
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Shan P. Massand
Direct: 212.548.2172
smassand@mcguirewoods.com

February 6, 2025

**Via ECF**

Honorable Hector Gonzalez
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE: *DaShawn A. LaRode v. Brian Moynihan, doing business as CEO Bank of America et al.*, Case No. 1:24-cv-08622-HG-LB

Dear Judge Gonzalez:

We represent Defendant "Brian Moynihan doing business as CEO Bank of America" in this matter. Under this Court's Individual Practices Section IV.A.2., Mr. Moynihan submits this letter stating the basis for his anticipated motion to dismiss *pro se* Plaintiff's frivolous complaint. Indeed, Plaintiff has seemingly attempted to orchestrate a scheme to eliminate his debt on an automobile loan (the "Account") he has with Bank of America, N.A. ("BANA")[1] by tendering fraudulent payment instruments including a bogus check[2] written by an individual who appears to be a convicted criminal[3] (ECF No. 1, Ex. B), seemingly phony IRS payment vouchers (*Id.*, Ex. C) and legally ineffective UCC Financing Statements (*Id.*, Ex. D). Despite his apparent commission of a federal crime under 18 U.S.C. § 514 for using fictitious instruments to pay off the Account, Plaintiff shamelessly claims he is somehow entitled to over $45M in damages. (*Id.* at 11). Plaintiff's contrived and baseless theory is without merit.

First, Plaintiff has failed to plead any facts sufficient to establish either general or personal jurisdiction over Mr. Moynihan. As such, Mr. Moynihan must be dismissed.[4] Second, even if Plaintiff could establish jurisdiction over Mr. Moynihan, which he cannot, Mr. Moynihan should not be held personally liable for any action allegedly undertaken by BANA. Third, Plaintiff's Fair Credit Reporting Act ("FCRA") claim should be dismissed because: (1) the statute does not apply to Mr. Moynihan who is neither a furnisher or credit reporting agency; and (2) it is premised on baseless and conclusory allegations. Additionally, to the extent that Plaintiff complains of inaccurate reporting, that too is not enough to support his FCRA claim because Plaintiff's sham payments did not pay off his debt owed on the Account. Fourth, Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim fails as a matter of law because a defendant can only be held liable for violating the FDCPA if it is a "debt collector," which is not the case for Mr. Moynihan (or even

---

[1] Plaintiff's allegations are directly solely at BANA. The Complaint is devoid of any allegations directed whatsoever at Mr. Moynihan, who is erroneously named as "doing business as CEO Bank of America."

[2] On its face, the check appears to be a personal check, yet from the Bureau of Public Debt. *See* ECF No. 1, Ex. B.

[3] *See* http://www.brooklynda.org/2019/03/13/east-flatbush-man-sentenced-to-3-to-9-years-in-prison-for-forging-deed-and-stealing-house-from-elderly-neighbor/ (last visited Feb. 4, 2025).

[4] Mr. Moynihan should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for the separate reason that he has yet to be properly served as recognized by Magistrate Bloom. *See* ECF Nos. 7 and 12.

BANA). Plaintiff's Complaint wholly fails to set forth the requisite elements to establish a cause of action, and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Mr. Moynihan seeks dismissal for "lack of personal jurisdiction" pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiffs bear the burden of establishing the court's jurisdiction. *DiStefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir.2001). The U.S. Constitution recognizes two types of personal jurisdiction, general and specific. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Plaintiff has not and cannot establish either type of jurisdiction over Mr. Moynihan. General jurisdiction exists when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "Only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.* Plaintiff pleads no allegations and has no competent evidence establishing that Mr. Moynihan is domiciled in New York or has other contacts with New York to be at home here. In fact, outside the caption and signature block, Plaintiff never mentions Mr. Moynihan in the Complaint. *See generally* ECF. No. 1. Plaintiff cannot carry his burden through silence. And besides, any attempt to establish general jurisdiction over Mr. Moynihan would be futile because he resides in Massachusetts, works in Massachusetts and North Carolina, and manages a National Association headquartered in North Carolina. *See Wallace Church & Co. v. Wyattzier, LLC,* No. 20 Civ. 1914 (CM), 2020 WL 4369850, at *5 (S.D.N.Y. July 30, 2020) ("An individual defendant 'cannot be subject to jurisdiction under CPLR § 301 unless he is doing business in New York as an individual rather than on behalf of a corporation.'" (quoting *Brinkmann v. Adrian Carriers, Inc.,* 29 A.D.3d 615, 617, 815 N.Y.S.2d 196 (2006))); *Giuliano v. Barch,* No. 16 Civ. 0859 (NSR), 2017 WL 1234042, at *5 (S.D.N.Y. Mar. 31, 2017) ("[I]ndividuals acting on a corporation's behalf are not subject to general personal jurisdiction under Section 301."). Like *Wallace Church*, there are no allegations in Plaintiff's Complaint that Mr. Moynihan is doing business as an individual rather than on BANA's behalf. As a result, this Court lacks general jurisdiction over [Mr. Moynihan]." *Wallace Church*, 2020 WL 4369850, at *5.

Even if Plaintiff could establish that this Court has jurisdiction over Mr. Moynihan, which he cannot, Plaintiff has still failed to plead any facts sufficient to establish Mr. Moynihan's personal liability for any action allegedly undertaken by BANA. As a general rule, New York maintains a strong presumption against imposing personal liability upon a corporate officer "absent clear evidence of an intent to create individual liability." *Lerner v. Amalgamated Clothing & Textile Workers Union*, 938 F.2d 2, 5 (2d Cir.1991). Here, Plaintiff has not pled any facts of any intent by Mr. Moynihan to create individual liability. Plaintiff merely names Mr. Moynihan doing business as BANA's CEO. This fact alone is wholly insufficient to state a claim for personal liability against Mr. Moynihan and the Court should dismiss him from this matter.

Plaintiff's tenuous Complaint also fails to state a cause of action for either willful or negligent violations of the FCRA. First and foremost, the FCRA is entirely inapplicable to Mr. Moynihan because he is not a consumer reporting agency or furnisher[5] of credit information and

---

[5] The FCRA defines a "consumer reporting agency" as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit

therefore does not even come under the FCRA's ambit. *See Labreck v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 206847, at *8 (D. Del. Dec. 7, 2018) (dismissing FCRA claim against Mr. Moynihan where "Complaint does not contain any facts regarding Moynihan's alleged actions for false reporting of Plaintiffs loans.") (collecting cases). Second, the FCRA imposes obligations on creditors that "furnish" information to credit reporting agencies ("CRAs"). *See* 15 U.S.C. § 1681s-2. There are two components to a furnisher's obligations under Section 1681s-2. Subsection (a) of Section 1681s-2 sets forth a furnisher's duty to report "accurate information" to the CRAs. Subsection (b) of Section 1681s-2 sets forth a furnisher's duty to conduct an investigation in response to a notice of dispute from a CRA. It is well settled that there can be no violation of Section 1681s-2(b) when a plaintiff has failed to identify inaccurate information in his credit report. *See Butnik v. Experian Info. Solutions, Inc.*, 2021 WL 395808, at *5 (E.D.N.Y. Feb. 4, 2021) (collecting recent cases) ("Because Plaintiff has failed to sufficiently allege that Defendant BANA provided accurate or misleading information regarding his accounts, his FCRA claims against Defendant BANA are dismissed."); *see also Artemov v. Trans Union, LLC*, 2020 WL 5211068, at *3-4 (E.D.N.Y. Sept. 1, 2020) (noting that accuracy is an essential element of a claim for negligent or willful violation of Section 1681s-2(b) of the FCRA and dismissing plaintiff's claim for failure to allege an inaccuracy). Here, Plaintiff cannot sufficiently allege any inaccurate reporting on the Account because his fraudulently tendered payments are patently defective and did not serve to eliminate his debt.

Additionally, Plaintiff's FDCPA claim fails because Mr. Moynihan—and BANA for that matter—is not a debt collector and has not undertaken any specific action in violation of the FDCPA. "To establish a violation of the FDCPA, a plaintiff must satisfy three elements: (i) the plaintiff must be a 'consumer;' (ii) the defendant must be a 'debt collector;' and (iii) the defendant must have committed some act or omission in violation of the FDCPA." *Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192 (VSB), 2018 WL 4680023, at *4 (S.D.N.Y. Sept. 28, 2018) (citing *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013)). "[A] defendant," therefore, "can only be held liable for violating the FDCPA if [it] is a 'debt collector' within the meaning of the [FDCPA]." *Id.* (quoting *Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 599 (S.D.N.Y. 2012)). Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Although debt collectors are subject to the FDCPA, creditors such as BANA (not to mention Mr. Moynihan who is neither) are not. *See Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017) (holding that when an entity acts to collect its own debts, it is acting as a creditor, not a debt collector, and is not subject to the FDCPA); *Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."). Thus, Plaintiff's claim for relief under the FDCPA fails and must be dismissed.

---

information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *See* 15 U.S.C. § 1681a(f). A "furnisher" of credit information is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." *See* 16 C.F.R. § 660.2(c).

        Respectfully submitted,

        <u>*/s/ Shan Massand*</u>
        Shan P. Massand
        *Counsel for Defendant Brian Moynihan, doing business as CEO Bank of America*

Cc:    All Counsel of Record (via ECF)
        DaShawn A. LaRode (via mail and email – dangeramg@gmail.com)
        151 Grafton Street
        Brooklyn, NY 11203
        *Pro Se Plaintiff*