# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

**Author: Jamie S. Felsen – Member**
**Direct E-Mail Address: jamiefelsen@mllaborlaw.com**
**Direct Dial: (516) 303-1391**

February 7, 2025

**VIA ECF**

Hon. Hector Gonzalez, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:    DaShawn LaRode v.Brian Moynihan and John Rosatti**
             **Case No.: 24-cv-8622 (HG)(LB)**

Dear Judge Gonzalez:

This firm represents defendant, John Rosatti, in the above-referenced action. Pursuant to your individual rules, we submit this letter on behalf of Mr. Rosatti requesting a pre-motion conference concerning his anticipated motion to dismiss the complaint for the reasons discussed herein.

First, the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(5) for failure to serve Mr. Rosatti. Magistrate Judge Bloom previously concluded that Mr. Rosatti was not properly served. *See* ECF Docket Entries 5 and 7. An affidavit of service has not been served reflecting that Mr. Rosatti has been served in accordance with the Fed. R. Civ. Proc. 4.

Second, the Complaint does not contain any allegations of any wrongdoing by Mr. Rosatti. The only allegation specifically concerning Mr. Rosatti is contained in the section entitled "Parties" and consists of the conclusory allegation that Mr. Rosatti, as the CEO of an automobile dealership, Plaza Auto Mall, regularly engages in the collection of consumer debts. There are no allegations describing the manner in which Mr. Rosatti regularly engages in the collection of consumer debts, nor can any such allegations exist because automobile dealerships sell and service automobiles and do not collect consumer debts.

The "Factual Allegations" section of the Complaint alleges that Plaintiff entered into a loan agreement with Plaza Auto Mall (who is not a corporate entity or a defendant) and Bank of America for the purchase of an automobile. However, the contract Plaintiff includes as Exhibit A does not state that Mr. Rosatti (or Plaza Auto Mall) provided any loan to Plaintiff. It identifies the lender as Bank of America NA.

Plaintiff alleges that he issued a check to the lender, Bank of America NA (Exhibit B to the Complaint), but that Bank of America NA failed to credit his account and continued to report inaccurate payment history to the major credit reporting agencies. Complaint ¶ 15. Plaintiff alleges that Bank of America NA failed to conduct a reasonable investigation of Plaintiff's disputes as required by 15 U.S.C. § 1681s-2(b). He also alleges that defendant George Badeen wrongfully repossessed his automobile. None of these allegations concern any conduct engaged in by Mr. Rosatti.

Because there are no allegations of any wrongdoing by Mr. Rosatti, the complaint must be dismissed against him.

In addition, dismissal is warranted because the Complaint fails to allege (i) the applicability of the Fair Credit Reporting Act to Mr. Rosatti; (ii) that Mr. Rosatti is a "debt collector" under the Fair Debt Collection Practices Act; and (iii) willful or negligent violations of the FCRA, for the same reasons articulated in Brian Moynihan's pre-motion conference request letter.

Respectfully submitted,

/s/ Jamie S. Felsen

cc:     DaShawn LaRode, *pro se* (via mail)
        151 Grafton Street
        Brooklyn, NY 11203

        All counsel of record (VIA ECF)