UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
Dashawn A. LaRode

              Plaintiff,

     V.

BRIAN MOYNIHAN, d/b/a CEO for
BANK OF AMERICA,
GEORGE BADEEN, d/b/a PRESIDENT
for ALLIED FINANCE ADJUSTERS/
NYCR INDUSTRIES,
JOHN ROSATTI, d/b/a CEO for
AUTO PLAZA MALL
All In Their Official and Personal
Capacity
             DEFENDANT(S),
---------------------------------X

JUDICIAL DEMAND AND NOTICE OF OBJECTION FOR EX-PARTE COMMUNICATION

Docket No. 24-cv-08622-HG-LB

"Your Honor, opposing counsel has failed to file a formal answer as required by FRCP Rule 12(a) and has instead engaged in an improper ex parte communication with the court. This communication violates FRCP Rule 5(a), Eastern District Local Rules 1.3 and 1.4, and ethical rules governing attorney conduct. As established in (*In re J.P. Linahan and United States v. Microsoft Corp.*), ex parte communications undermine the fairness and integrity of judicial proceedings. The cases below Judge, demonstrate that ex parte communications are improper and should be disregarded by this court. The court must ensure that all parties have an opportunity to respond to any substantive issues raised, which must be raised according to the Federal Rules of Civil Procedure.

You and counsel are not friends. This is not a casual matter, this is clearly an Ex-Parte communication and should be dealt with accordingly.

## 1. Violation of Federal Rules of Civil Procedure (FRCP)

- **(FRCP Rule 5(a))**: Requires that every pleading, written motion, and other paper must be served on all parties unless the court orders otherwise. The attorney's ex parte communication violates this rule because it was not served on all parties.
- **(FRCP Rule 12(a))**: Sets deadlines for filing an answer. By failing to file an answer and instead sending an ex parte communication, the attorney has disregarded this rule.

The attorney's actions are a clear violation of the FRCP, which mandates that all communications and pleadings be filed with the court and served on opposing counsel. The court must disregard the ex parte communication and require the attorney to file a formal answer.

## 2. Violation of Eastern District of New York Local Rules

- **(Local Rule 1.3)**: Prohibits ex parte communications except in limited circumstances (e.g., emergencies or procedural matters not involving substantive issues). Clearly counsel raises several "substantive issues" before

this Court in an improper and procedurally defective manner. This must be stricken from the Record.

- **(Local Rule 1.4)**: Emphasizes that all filings must comply with the FRCP and be served on all parties.

The attorney's communication is a direct violation of the Eastern District's local rules, which strictly limit ex parte communications. The court should admonish the attorney and remind them of their obligation to follow local rules. And Strike this from the record.

### 3. Ethical Violations

- **(ABA Model Rule 3.5(b))**: Prohibits lawyers from communicating ex parte with judges unless authorized by law or court order.
- **(New York Rules of Professional Conduct, Rule 3.5(b))**: Mirrors the ABA rule and prohibits ex parte communications that undermine the integrity of the judicial process.

The attorney's conduct violates ethical rules governing the legal profession. The court should refer the matter to the appropriate disciplinary committee for further investigation.

### 4. Case Law on Ex Parte Communications

- **(In re J.P. Linahan, Inc., 138 F.2d 650 (2d Cir. 1943)**: The Second Circuit emphasized that ex parte communications undermine the fairness and integrity

of judicial proceedings. The court held that such communications should be disregarded unless explicitly permitted by law.

- **(United States v. Microsoft Corp., 253 F.3d 34 (D.C. Cir. 2001))**: The court condemned ex parte communications and stressed the importance of transparency and fairness in judicial proceedings.

- **(Liteky v. United States, 510 U.S. 540 (1994))**: The Supreme Court highlighted the importance of impartiality and the appearance of fairness in judicial proceedings, which ex parte communications can undermine.

These cases demonstrate that ex parte communications are improper and should be disregarded by the court. The court must ensure that all parties have an opportunity to respond to any substantive issues raised.

### 5. How the Court Must Respond

- **Disregard the Communication**: The court must not consider the ex parte communication in its decision-making process and strike it from the record.

- **Issue a Sanction or Admonishment**: The court should issue a warning or sanction the attorney for violating procedural and ethical rules.

- **Order the Attorney to File a Formal Answer**: The court must require this attorney to comply with FRCP Rule 12(a) and file a formal answer within a specified timeframe.

- **Please Refer this Matter to Disciplinary Authorities** for further action.

Wherefore, I respectfully request that the court disregard this communication, order opposing counsel to file a formal answer, and consider referring this matter to the appropriate disciplinary authorities."

Dated: February 12, 2025                                Respectfully,

By: *[signature]*
All Rights Reserved
Dashawn A. LaRode