UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Dashawn A. LaRode                           Docket No. 24-CV-8622
                    Plaintiff,

vs.                                         ABATEMENT OBJECTION MOTION

BRIAN MOYNIHAN, d/b/a CEO for BANK
OF AMERICA, GEORGE BADEEN, d/b/a
PRESIDENT for ALLIED FINANCE
ADJUSTERS/ NYCR INDUSTRIES,
JOHN ROSATTI, d/b/a CEO for AUTO
PLAZA MALL
All In Their Personal and Official Capacity

                    DEFENDANT(S).
-------------------------------------------------------X

Clerk's Office
Filed Date: Received
on 3/7/2024 DMP
U.S. DISTRICT
COURT
EASTERN DISTRICT
OF NEW YORK
BROOKLYN OFFICE

## ABATEMENT OBJECTION MOTION

COMES NOW, the Plaintiff, Dashawn A. LaRode and respectfully submits this Abatement Objection Motion in response to the letter submitted by Defendant's counsel James S. Felsen in the above-referenced action. In support thereof, Plaintiff states as follows:

1. Plaintiff objects to the letter filed by Defendant's counsel James S. Felsen as an improper attempt to abate or dismiss the Plaintiff's claims without civilian due process and proper adjudication by this Court.

2. The letter references a document entitled "Judicial Demand and Notice of Objection for Ex Parte Communication" (ECF Doc. No. 16), which Plaintiff properly filed in good faith based on legal grounds concerning potential improper ex parte communications.

3. Plaintiff asserts that the referenced letter by Defendant's counsel is an improper response aimed at circumventing Plaintiff's right to civilian due process. Further, the letter fails to provide substantive legal grounds for any defense of the claims raised by Plaintiff.

4. Plaintiff contends that Defendant's counsel's assertion that no ex parte communication occurred is insufficient without a full and fair review of the matter by this Court. Plaintiff maintains that all communications between any party and the Court should be properly disclosed and subject to judicial review.

5. Plaintiff cites the following legal authorities in support of the objection to Defendant's request for anticipated motion to dismiss my claim:

a. (18 U.S.C. § 1028) – Fraud and related activity in connection with identification documents.

b. (18 U.S.C. § 8) – Defines "obligation or other security of the United States."

c. (18 U.S.C. § 894) – Extortionate credit transactions.

d. (12 U.S.C. § 83) – Limits on loans or discounts.

e. (15 U.S.C. § 1681(a)(c)) – Fair Credit Reporting Act and the protection of consumer rights.

f. (15 U.S.C. § 1692(e)(3)) – Fair Debt Collection Practices Act prohibiting false representation of legal status.

6. Plaintiff respectfully requests that this Court disregard the anticipated motion to dismiss the Plaintiff's motion and allow full legal proceedings to continue in accordance with civilian due process.

7. WHEREFORE, Plaintiff respectfully requests that this Court:

a. DENY any request by Defendant or Defendant's counsel to abate or dismiss Plaintiff's claims based on the letter filed in response to ECF Doc. No. 16;

b. Schedule a hearing, if necessary, to determine the validity of Plaintiff's preponderous evidence presented in the complaint and identified opposing attorney ex parte communications; and

c. Grant such other and further relief as this Court deems just and proper.

Dated: 02-24-2025                                                       Respectfully,

                                                                        By: _Dashon /s/_____

## AFFIRMATION OF SERVICE

I, <u>Dashawn A. LaRode, as Creditor</u>, Plaintiff, Aware consciousness attain the age of majority (over 18), knowledgeable to make these statement. I, Dashawn A. LaRode, Sui Juris Litigant (non-pro se), declare under penalty of perjury under the laws of the several states, continental united states of America and the republic New York State, without the UNITED STATES that the foregoing is true and correct pursuant to YOUR (90 STAT. 2534 & 28 U.S.C. section 1746).

"The deposition of sui juris litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest" (Triestman, 470 F.3d 471, 474, (2d. Cir. 2006)… Plaintiff requests that this Abatement Objection Motion And Affidavit of Service be held to "less stringent standard than formal pleading by lawyers". (Haines v. Kerner, 404 U.S. 520).

That I Have Served A Copy of The Abatement Objection Motion And Affidavit of Service, Upon Clerk of Court United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, 11201, And James S. Felsen, dba Milman Labuda Law Group PLLC, 3000 Marcus Avenue Suite 3W8, Lake Success, NY, 11042, By: USPS Certified Mail: 9589071052701132091482.

DATED: February <u>24,</u> 2025

Respectfully,

By: 
Dashawn A. LaRode
All Rights Reserved

COPY