Dashawn A. LaRode  
C/O: 151 Grafton Street  
Brooklyn, New York republic, [11212]

Eastern District Court of New York

Docket No. 24-CV-08622 (HG)

Clerk of the Court  
Eastern District Court of New York  
225 Cadman Plaza East  
Brooklyn, New York, 11201

RECEIVED IN PRO SE OFFICE  
MAR 05 2025

Subject: Strike from the record Any Order or Informal Request to Dismiss My Claim Due to Due Process Violation by the Clerk of Court

Dear Clerk of the Court,

I am respectfully requesting this honorable court to strike from the record any order or informal request seeking to dismiss my claim from the record due to the clerk of the court's failure to properly file my Abatement Objection Motions on February 26, 2025. The misplacement or failure to file my motions constitutes a clear violation of my due process rights under the Fifth and Fourteenth Amendments of the U.S. Constitution, which guarantee that no man shall be deprived of life, liberty, or property without due process of law.

The Eastern District Court of New York and the Second Circuit Court have consistently held that procedural due process must be strictly adhered to when a party has properly submitted legal motions. The failure of the clerk's office to file my Abatement Objection Motions constitutes a fundamental procedural irregularity that has prejudiced my ability to seek justice and defend my claim.

Relevant case law in support of my objection includes:

1. **(Armstrong v. Manzo, 380 U.S. 545 (1965))** – The Supreme Court held that a party must be given an opportunity to be heard at a meaningful time and in a meaningful manner, reinforcing the requirement that procedural due process be followed.
2. **(Gonzalez v. Sullivan, 934 F.2d 419 (2d Cir. 1991))** – The Second Circuit emphasized that due process requires that a litigant's submissions be properly considered and filed, ensuring access to the courts.
3. **(Griffin v. Illinois, 351 U.S. 12 (1956)** – The Supreme Court reaffirmed that the state must provide fair and adequate procedures for all litigants, regardless of status or position.
4. **(In re United States, 733 F.2d 10 (2d Cir. 1984))**– The Second Circuit ruled that procedural irregularities by court clerks that result in the deprivation of a litigant's rights can constitute reversible error.
5. **(Marbury v. Madison, 5 U.S. (1 Cranch) 137 (1803))** – Establishing the principle that an aggrieved party has the right to seek judicial redress when denied procedural protections.

Based on these precedents, I respectfully request that the court recognize the procedural deficiency and take corrective action to ensure that my Abatement Objection Motions are duly filed and considered on the record. Further, any attempt to dismiss my claim based on this procedural

oversight would constitute a direct violation of my constitutional rights and established legal precedents.

I appreciate your prompt attention to this matter and respectfully request confirmation that my Abatement Objection Motions have been properly recorded and addressed.

Dated: March 5, 2025

Respectfully,

By: *Dashawn /s/*

Dashawn A. LaRode
All Rights Reserved

CC:

James S. Felsen
Milman Labuda Law Group PLLC
3000 Marcus Avenue Suite 3W8
Lake Success, NY, 11042
USPS Mail: 9589071052701132091468 20

Shan P. Massand d/b/a
Attorney For Bank of America
1251 Avenue of The Americas 20th Fl
New York, NY, 10020
USPS Mail: 9589071052701132091451