# EXHIBIT

# A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

Dashawn A. LaRode,

                              Plaintiff,

                    v.

BRIAN MOYNIHAN d/b/a CEO BANK OF
AMERICA, JOHN ROSATTI, d/b/a CEO
PLAZA  AUTO MALL, GEORGE BADEEN
Dba PRESIDENT ALLIED FINANCE
ADJUSTERS/ NYCR INDUSTRIES CORP.
ALL IN THEIR INDIVIDUAL & OFFICIAL
CAPCITY
                              DEFENDANT(S),
-------------------------------------------------------------X

CIVIL CASE NO: 24-CV-08622-HG-LB

COMPLAINT AND

DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1.  Plaintiff, <u>Dashawn A. LaRode</u> ("Plaintiff") brings this action against Defendants, <u>Brian</u>

    <u>Moynihan</u> d/b/a Bank of America, N.A. ("BANK"), <u>John Rosatti</u>, d/b/a CEO of Plaza

    Auto Mall ("Plaza") and <u>George Badeen</u>, d/b/a President of ALLIED  FINANCE

    ADJUSTERS/  NYCR  INDUSTRIES  CORP.  ("NYCR"),     Repossession/Towing

    Company  (collectively, "Defendants"),   for violations of the Fair Credit Reporting Act,

    (15 U.S.C. § 1681 et seq. ("FCRA"), Fair Debt Collection Practices Act, (15 U.S.C. §

    1692 et seq). ("FDCPA") . This action arises from Defendants' willful and negligent

    failures to conduct reasonable investigations of Plaintiff's credit reporting disputes, their

    unfair debt collection practices, and their failure to properly validate and verify the

    alleged debt as required by federal law.

1

## FACTUAL ALLEGATIONS

10. On or about February 1, 2024, Plaintiff entered into an auto loan agreement with PLAZA AUTO MALL & BANK OF AMERICA for the purchase of a 2024 Acura S-Type MDX, VIN# 5J8YD8H8RL001699, in the amount of $81,356.97 (the "Loan"). This transaction was defective because of no seller signature, non disclosure about the original creditor, false, misleading and deceptive practices of bait-and-switch tactics with hidden charges of $5,000.00 down etc., knowing that the finance loan amount is the total sum of the loan agreement. See Bill of Sale attached as **Exhibit A.**

11. The Loan was a consumer credit transaction primarily for personal, family, and household purposes.

12. On or about February 21, 2024, Plaintiff made a payment in the amount of $81,400 on the loan via check number 691. See Copy of Check as **Exhibit B**.

13. Additionally, Plaintiff submitted payments through IRS payment voucher 1040-V and related tax forms 1099-A, 1099-C, and 1099-OID dated February 1, 2024. See Copy IRS Documents as **Exhibit C.**

14. Further, Plaintiff mailed a copy of his certified property lien search document from NYS Secretary of State, ("UCC-11"), averred "The undersigned hereby certified that there are no Financing Statements nor any Federal Tax Lien, which name the above debtor, (Dashawn Anthony Larode) and which are on file as of 4/23/2024, Ref #: 300666". I also sent a Letter Requesting Immediate Deletion of Fraudulent Debt Reporting, dated May 9, 2024 and a copy of my Non UCC 1 lien on my property, with filing#: -202404258214306, dated 4-25-2024. See NYS DOS Information Request Response,

Letter Request and UCC- I lien Attached as **Exhibit D.**

15. Despite these payments, BANK OF AMERICA failed to properly credit Plaintiff's account and continued to report inaccurate payment history to the major credit reporting agencies ("CRAs ").

16. On or about October 23, 2024, Plaintiff received **proof of payment** letter from IRS, Department of the Treasury, dated 10-18-2024, averred "your check in the amount of $81,400, dated February 21, 2024 was made payable to Bank of America.". I faxed and mailed a copies of said IRS/ Treasury letter, **Notice of Dispute** and check to Bank of America and the CRAs on these dates 11-08-2024 and 12-05-2024 : See copy of Fax Deliveries, IRS/ Treasury letter, **Notice of Dispute** and check Attached as **Exhibit E.**

    a. Defendant BANK OF AMERICA via Certified Mail #70210950000209524008;

    b. Equifax via Certified Mail #70210350000002907691;

    c. Experian via Certified Mail #70210350000002907677; and

    d. TransUnion via Certified Mail #70210350000002907684.

17. Upon information and belief, the CRAs forwarded Plaintiff's disputes to BANK in accordance with (15 U.S.C. § 1681i(a)(2)).

18. BANK failed to conduct a reasonable investigation of Plaintiff's disputes as required by (15 U.S.C. § 1681s-2(b)). Specifically,

    a. Failed to review all relevant information provided by Plaintiff;

b. Failed to accurately report Plaintiff's payment history;

c. Failed to acknowledge and properly credit payments made via check and IRS forms;

d. Reported an inaccurate charge-off amount of $89,262.05 instead of the correct amount of $81,400; and

e. Failed to acknowledge proof of payment documentation from the IRS Department of Treasury dated October 18, 2024.

19. On December 5, 2024, at approximately 9:36 AM, Defendants George Badeen, in conjunction with NYCR Industries Corp., wrongfully repossessed Plaintiff's auto mobile without any judgment notice, despite Plaintiff's ongoing disputes regarding the account's accuracy.

20. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered actual damages including: a. Damage to creditworthiness;

b. Loss of use of vehicle;

c. Out-of-pocket expenses in challenging the inaccurate reporting;

d. Lost time and resources;

e. Emotional distress, humiliation, and mental anguish; and

f. Fear of future credit denials.

## FIRST CAUSE OF ACTION

Violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)

21. Plaintiff repeats and realleges paragraphs 1 through 17 as if fully set forth herein.

22. Pursuant to (15 U.S.C. § 1681s-2(b)), upon receiving notice of a consumer's dispute from

a CRA, furnishers are required to conduct a reasonable investigation with respect to the disputed information and modify or delete information found to be inaccurate or incomplete.

23. BANK's failure to conduct a reasonable investigation of Plaintiff's disputes violated (15 U.S.C. § 1681s-2(b)). See (*Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1157 (9th Cir. 2009)* (holding that furnisher's investigation must be reasonable under the circumstances);( *Johnson v. MBNA Am. Bank, NA, 357 F.3d 426, 431 (4th Cir. 2004))* (holding that mere verification of accuracy of reported information is insufficient to constitute reasonable investigation).

24. BANK's reporting failed to comply with the Consumer Data Industry Association's Metro 2 Format, the industry standard for credit reporting. See (In re *Experian Info. Solutions, Inc., No. 15-CV-1212, 2017 WL 4325566, at *4 (S.D.N.Y. Sept. 27, 2017))* (discussing relevance of Metro 2 Format compliance in FCRA cases).

25. Defendants' violations were willful, entitling Plaintiff to recover actual damages, statutory damages, and punitive damages pursuant to (15 U.S.C. § 1681n).

26. Alternatively, Defendants' violations were negligent, entitling Plaintiff to recover actual damages pursuant to (15 U.S.C. § 1681o).

## SECOND CAUSE OF ACTION

Violations of the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

27. Plaintiff repeats and realleges paragraphs 1 through 23 as if fully set forth herein.

28. The FDCPA prohibits debt collectors from using unfair or unconscionable means to

collect or attempt to collect any debt. (15 U.S.C. § 1692f).

29. The FDCPA further requires debt collectors to provide consumers with proper validation of debts and cease collection activities until proper verification is provided. (15 U.S.C. § 1692g).

30. Defendants violated (15 U.S.C. § 1692f) by: a. Failing to properly investigate Plaintiff's disputes regarding the alleged debt; b. Repossessing Plaintiff's vehicle while debt disputes were pending; c. Reporting incorrect charge-off amounts to credit reporting agencies; and d. Failing to properly credit Plaintiff's payments made via check and IRS forms.

31. Defendants violated (15 U.S.C. § 1692f ) by engaging in unfair and unconscionable practices. See (*Moukengeschaie v. Eltman, Eltman & Cooper, P.C., No. 14-CV-7539) (MKB), 2016 WL 1274541,* at \*4 *(E.D.N.Y. Mar. 31, 2016)* (holding that attempting to collect debts without properly investigating disputes constitutes unfair practices under § 1692f); (*Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 138 (2d Cir. 2017))* (finding that continued collection activities despite knowledge of dispute can constitute unfair practices).

32. Specifically, Defendants:

   a. Failed to properly investigate Plaintiff's disputes regarding the alleged debt;

   b. Repossessed Plaintiff's vehicle while debt disputes were pending;

   c. Reported incorrect charge-off amounts to credit reporting agencies; and

   d. Failed to properly credit Plaintiff's payments made via check and IRS forms.

33. Defendants violated (15 U.S.C. § 1692g) & (18 USC 894) by:

a. Failing to provide proper validation of the debt within five days of initial communication;

b. Continuing collection activities despite receiving timely written disputes from Plaintiff;

c. Failing to obtain and provide verification of the debt before continuing collection activities; and

d. Failing to properly respond to Plaintiff's written disputes regarding the validity of the debt.

e. Continuing to collect or attempt to collect any extension of credit, or

f. Failure to adhere to punish any person for the non repayment thereof,

shall be fined under this title or imprisoned not more than 20 years, or both

34. Defendants' violations of the FDCPA were knowing, willful, and intentional. See (*Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1170 (9th Cir. 2006))* (discussing standards for FDCPA violations); (*Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 389 (4th Cir. 2014))* (discussing debt validation requirements).

35. Defendants violated (15 U.S.C. § 1692g) by failing to properly validate the debt and continuing collection activities despite receiving timely disputes. See (Carlin v. Davidson Fink LLP, 852 F.3d 207, 216 (2d Cir. 2017)) (holding that debt collectors must provide sufficient validation information to allow consumers to evaluate the validity of the debt); (Papetti v. Rawlings Fin. Servs., LLC, 121 F. Supp. 3d 340, 349-50 (E.D.N.Y. 2015)). (finding § 1692g violation where debt collector failed to adequately respond to consumer's validation request).

36. Specifically, Defendants:

a. Failed to provide proper validation of the debt within five days of initial communication, see (Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013)) (discussing requirements for initial validation notice);

b. Continued collection activities despite receiving timely written disputes from Plaintiff, see (Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010)) (holding that collection activities must cease upon receipt of timely dispute until verification is provided);

c. Failed to obtain and provide verification of the debt before continuing collection activities, see (*Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008)*) (discussing verification requirements); and d. Failed to properly respond to Plaintiff's written disputes regarding the validity of the debt, see (*Vangorden v. Second Round, L.P., 897 F.3d 433, 441 (2d Cir. 2018)*) (discussing debt collector's obligations when responding to disputes).

37. Courts in this district have consistently held that violations similar to those committed by Defendants constitute knowing and willful violations of the FDCPA. See (*Weber v. Computer Credit, Inc., 259 F.R.D. 33, 38 (E.D.N.Y. 2009)*) (finding willful violation where debt collector ignored consumer's disputes); (*Williams v. Goldman & Cooper, P.C., 204 F. Supp. 3d 424, 436 (E.D.N.Y. 2016)*) (holding that continuing collection efforts without proper validation constitutes willful violation).

38. As a direct and proximate result of Defendants' violations of the FDCPA, Plaintiff has suffered actual damages including emotional distress, anxiety, frustration, embarrassment, and humiliation.

## PRAYER FOR RELIEF

39. WHEREFORE, Plaintiff demands judgment against Defendants as follows:

40. A. Actual damages in the amount of $10,000,000.00 to be determined at trial pursuant to (15 U.S.C. §§ 1681n(a)(1)), 1681o(a)(1), and 1692k(a)(1));

41. B. Statutory damages in the amount of $5,000,000.00 pursuant to (15 U.S.C. §§ 1681n(a)(1)) and (1692k(a)(2)(A));

42. C. Punitive damages in the amount of $30,000,000.00 pursuant to (15 U.S.C. § 1681n(a)(2));

43. D. Reasonable attorneys' fees and costs in the amount of $65,000.00 pursuant to (15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), and (1692k(a)(3));

44. E. Declaratory relief stating that Defendants violated the FCRA and FDCPA; and

45. F. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

46. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable in this action.

47. Dated: December 17, 2024 Brooklyn, New York republic

Respectfully,

By: _____
Dashawn A. LaRode,
All Rights Reserved

# EXHIBIT A

# Bill Of Sale

[x] **New**      [ ] **Lease**
[ ] **Pre-Owned**      [x] **Retail**

| | | | |
|---|---|---|---|
| [ ] Plaza Honda | 2722 Nostrand Ave, Brooklyn 11210 | DMV #7024378 | DCA #1278055 |
| [ ] Plaza Toyota | 2721 Nostrand Ave, Brooklyn 11210 | DMV #7084361 | DCA #1278053 |
| [ ] Plaza Hyundai | 2740 Nostrand Ave, Brooklyn 11210 | DMV #7070381 | DCA #2095030 |
| [ ] Plaza Kia | 2746 Nostrand Ave, Brooklyn 11210 | DMV #7057971 | DCA #2018637 |
| [x] Acura Of Brooklyn | 2751 Nostrand Ave, Brooklyn 11210 | DMV #7034533 | DCA #1278426 |
| [ ] Plaza Used Cars | 2800 Nostrand Ave, Brooklyn 11210 | DMV #7131797 | DCA #2115722 |

**Date:** 02/01/2024      **Stock #:** 424223

**Sold to:** DASHAWN A LARODE

**Address:** 151GRAFTON STREET

BROOKLYN NY 11212

**Type:** MDX SH-AWD TYPE S

**Year, Make, Model:** 2024 ACURA MDX

**Salesperson:** Mohammad Alam

**Vehicle ID or Serial #:** 5J8YD8H8XRL001699

**Vehicle Odometer:** 49

**Buyer:** DASHAWN A LARODE

**Address:** 151GRAFTON STREET

BROOKLYN NY 11212

**CoBuyer:** _____

**Address:** _____

**Deal #:** 26386      **Customer #:** 337958

| | |
|---|---|
| Vehicle Selling Price | 69699.86 |
| Optimal Equipment & Accessories: | |
| Item 1. | N/A |
| Item 2. | N/A |
| Item 3. | N/A |
| Item 4. | N/A |
| Vehicle Service Agreement: | 7000.00 |
| Maintenance Coverage: | 2000.00 |
| Registration Fee: | 250.00 |
| Title Fee: | N/A |
| Tire Tax: | 12.50 |
| Inspection Fee: | 10.00 |
| G.A.P. Fee: | 225.00 |
| V.S.I. Fee: | N/A |

\* The optional dealer registration or title application fee ($175 maximum) and special plate processing fee ($5.00 maximum) are not NY State or DMV fees. Unless a lien is being recorded, or the dealer issued number plates, you may submit your own application for registration and/or certificate of title or for special or distinctive plate to any DMV issuing office.

### Pre-Owned Vehicles

**Used vehicle certificate of adequacy:** this motor vehicle is classified as a used motor vehicle, the dealer named above certifies that the entire vehicle is in condition and repair to render under normal use satisfactory and adequate service upon public highway at the time of delivery.

**Airbag notification:** The dealer named above certifies that this vehicle complies with the inflatable restraint system requirements found in section 419-a of New York State Vehicle and Traffic Law.

### Important notice to used car buyer:

A. State law requires that sellers of second hand cars certify in writing to the buyer that each car is in safe condition at the time of sale.
B. This certification is a guarantee that the car is in safe condition at the time of sale.
C. Buyer has a right to request the dealer to repair or to pay in full for repairs or any unsafe condition in the car which does not comply with this certification.
D. This business is licensed by the Department of Consumer Affairs, 42 Broadway, New York, NY 10004. Complaint phone; 311. NYC.

The amount indicated on this sales contract or lease agreement for registration and title fees is an estimate. In some instances, it may exceed the actual fees due the commissioner of motor vehicles. The dealer will, automatically, and within sixty days of securing such registration and title, refund of any amount over paid for such fees.

Customer's Initial Date: _____ 02/01/2024

**Doc Fee:** 175.00 · - this is not a DMV Fee

| | |
|---|---|
| Sales Tax: | 6984.61 |
| **Total Vehicle Selling Price:** | 86356.97 |
| **Settlement:** | |
| Deposit (Accts Receivable): | N/A |
| Rebate: | N/A |
| Cash On Delivery: | 5000.00 |

**Finance Company:** BANK OF AMERICA NA

Payments: 1568.00      Term: 72

| | |
|---|---|
| **Trade In(s):** | |
| Used Vehicle Allowance(s): | N/A |
| Vehicle Lien Payoff(s): | N/A |
| **Total Vehicle Price:** | 81356.97 |

**Buyer Signature:** _____

**Co-Buyer Signature:** _____

**Dealer Signature:** _____

| Trade-In(s): | Year, Make, Model | Vehicle ID or Serial #: | Mileage: | Body Color: | Value Of Trade: | Stock: |
|---|---|---|---|---|---|---|
| Trade # 1 | | | | | N/A | |
| Trade # 2 | | | | | N/A | |

T0000300739-DF030202936 • THIS IS A CUSTOMER COMPLETED COPY OF THE SIGNED ELECTRONIC FORM HELD BY ROUTEONE LLC.

# LAW 553-NY-e 3/22

## RETAIL INSTALMENT CONTRACT
## SIMPLE FINANCE CHARGE

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| DASHAWN LARODE 151 GRAFTON ST Brooklyn, NY 11212-4037 KINGS | N/A | CRYSTAL BAY IMPORTS LTD 2751 NOSTRAND AVENUE BROOKLYN, NY 11210 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| New | 2024 | Acura MDX | 5J8YD8H8XRL001699 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $5,000.00 |
|---|---|---|---|---|
| 11.29 % | $ 31,539.03 | $ 81,356.97 | $ 112,896.00 | $ 117,896.00 |

**GAP Waiver Notice**
[X] If this box is checked, and if the vehicle is a total loss because it is confiscated, damaged, or stolen, you will not be liable for the gap amount. The gap amount is the excess, if any, of (1) the amount you would owe under this contract as of the date of loss if the vehicle were not a total loss and you were to prepay the contract in full (less any refunds we get for cancelling optional insurance, maintenance, service or other contracts), over (2) the sum of (a) any past due payments and other amounts due because you broke promises in this contract and (b) the actual cash value of the vehicle immediately before the loss.

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 1,568.00 | Monthly beginning 03/24/2024 |
| N/A | $ N/A | N/A |

N/A

(e) means an estimate

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ __1.00__ or __5__ % of the part of the payment that is late, whichever is __greater__.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**Trade-In Payoff Agreement:** Seller relied on information from you and/or the lienholder or lessor of your trade-in vehicle to arrive at the payoff amount shown in item 2 of the Itemization of Amount Financed as the "Payoff Made by Seller." You understand that the amount quoted is an estimate.

If the actual payoff amount is more than the amount shown in 2 you must pay the Seller the excess on demand. If the actual payoff amount is less than the amount shown in 2 Seller will refund to you any overage Seller receives from your prior lienholder or lessor.

Buyer Signature X  A          N/A

Co-Buyer Signature X  A          N/A

TRUE AND ACCURATE COMPLETED COPY • DEAL INFORMATIVE COPY

### WARRANTIES

The following paragraph does not affect any warranties covering the vehicle that the manufacturer may provide or limit any rights you may have under the Lemon Laws or, for used vehicles, under the certificate of serviceability that was included in your purchase contract. The following paragraph also does not apply to a used vehicle you bought in New York City.

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days of the date of this contract, the Seller makes no warranties on the vehicle. Making no warranties means that you get no express warranties, and no implied warranties of merchantability or fitness for a particular purpose.**

The following notice only applies to used vehicles bought in New York City:

### IMPORTANT NOTICE TO BUYER

(A) STATE LAW REQUIRES THAT SELLERS OF SECOND-HAND CARS CERTIFY IN WRITING TO THE BUYER THAT EACH CAR IS IN SAFE CONDITION AT THE TIME OF SALE.

(B) THIS CERTIFICATION IS A GUARANTEE THAT THE CAR IS IN SAFE CONDITION AT THE TIME OF SALE.

(C) YOU HAVE A RIGHT TO REQUEST THE DEALER TO REPAIR OR TO PAY IN FULL FOR REPAIRS OF ANY UNSAFE CONDITION IN THE CAR WHICH DOES NOT COMPLY WITH THIS CERTIFICATION.

(D) THIS BUSINESS IS LICENSED BY THE DEPARTMENT OF CONSUMER AFFAIRS, 42 BROADWAY, NEW YORK, NEW YORK 10004. COMPLAINT PHONE: (212) 639-9675.

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ ____6,984.61____ sales tax)   $ ____76,684.47____ (1)

2 Total Downpayment =

Your trade-in is a __N/A__ __N/A__ __N/A__ __N/A__
                Year     Make     Model    Vehicle Identification No.

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Payoff Made By Seller to N/A _____ (e) | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | 5,000.00 |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| + Other N/A | $ | N/A |
| (If total downpayment is negative, enter "0" and see 4I below) | $ | 5,000.00 (2) |

3 Unpaid Balance of Cash Price (1 minus 2)   $ ____71,684.47____ (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies

| | | |
|---|---|---|
| Life | $ N/A | |
| Disability | $ N/A | $ N/A |

B Vendor's Single Interest Insurance Paid to Insurance Company   $ N/A

C Other Optional Insurance Paid to Insurance Company or Companies   $ N/A

D Official Fees Paid to Government Agencies

| to STATE | for INSPECTION | $ | 10.00 |
|---|---|---|---|
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

E Government Taxes Not Included in Cash Price   $ N/A

F Government License and/or Registration Fees

N/A

Registration Fee : $ 250.00   $ 250.00

G Government Certificate of Title Fees   $ N/A

H Government Waste Tire Management Fee   $ 12.50

I Other Charges (Seller must identify who is paid and describe purpose)

| to N/A | for Prior Credit or Lease Balance (e) | $ | N/A |
|---|---|---|---|
| to ACURA CARE | for Service Contract | $ | 7,000.00 |
| to Ohio Indemnity Company | for GAP | $ | 225.00 |
| to DOC | for Dealer Processing Charge | $ | 175.00 |
| to ACURA CARE | for Maintenance Plan | $ | 2,000.00 |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |
| to N/A | for N/A | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf   $ 9,672.50 (4)

5 Amount Financed (3 + 4)   $ 81,356.97 (5)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before

_____N/A_____ , Year __N/A__ . SELLER'S INITIALS **B** N/A

**Returned Check Charge:** You agree to pay a charge of $ __20__ if any check you give us is dishonored.

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $** __N/A__ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:

Credit Life $ _____ N/A

Credit Disability $ _____ N/A

Insurance Company Name _____
N/A

Home Office Address _____
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ N/A             N/A
   Type of Insurance      Term

Premium $ _____ N/A

Insurance Company Name _____
N/A

Home Office Address _____
N/A

☐ N/A             N/A
   Type of Insurance      Term

Premium $ _____ N/A

Insurance Company Name _____
N/A

Home Office Address _____
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

**X C** _____ N/A _____ N/A
Buyer Signature               Date

**X C** _____ N/A _____ N/A
Co-Buyer Signature           Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

**ITEMIZATION OF AMOUNT FINANCED**

1  Cash Price (including $ _____ 6,984.61 _ sales tax)                                    $ _____ 76,684.47 _ (1)

2  Total Downpayment =

    Your trade-in is a ___N/A___ ___N/A___ ___N/A___ _____N/A_____
                              Year     Make     Model     Vehicle Identification No.

    Gross Trade-In Allowance                                                                 $ _____ N/A
    Less Payoff Made By Seller to _N/A_____ (e)      $ _____ N/A
    Equals Net Trade In                                                                          $ _____ N/A
    + Cash                                                                                            $ _____ 5,000.00
    + Other _N/A_____      $ _____ N/A
    + Other _N/A_____      $ _____ N/A
    + Other _N/A_____      $ _____ N/A
    (If total downpayment is negative, enter "0" and see 4I below)     $ _____ 5,000.00 _ (2)

3  Unpaid Balance of Cash Price (1 minus 2)                                          $ _____ 71,684.47 _ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf
    (Seller may keep part of these amounts):

    A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies
       Life                                              $ _____ N/A
       Disability                                     $ _____ N/A                       $ _____ N/A
    B  Vendor's Single Interest Insurance Paid to Insurance Company          $ _____ N/A
    C  Other Optional Insurance Paid to Insurance Company or Companies    $ _____ N/A
    D  Official Fees Paid to Government Agencies
       to _STATE_____ for _INSPECTION_____                     $ _____ 10.00
       to _N/A_____ for _N/A_____                     $ _____ N/A
       to _N/A_____ for _N/A_____                     $ _____ N/A
    E  Government Taxes Not Included in Cash Price                              $ _____ N/A
    F  Government License and/or Registration Fees
       _N/A_
       Registration Fee : $ 250.00                                                    $ _____ 250.00
    G  Government Certificate of Title Fees                                          $ _____ N/A
    H  Government Waste Tire Management Fee                                      $ _____ 12.50
    I  Other Charges (Seller must identify who is paid and describe purpose)
       to _N/A_____ for _Prior Credit or Lease Balance (e)_   $ _____ N/A
       to _ACURA CARE_____ for _Service Contract_____   $ _____ 7,000.00
       to _Ohio Indemnity Company_ for _GAP_____   $ _____ 225.00
       to _DOC_____ for _Dealer Processing Charge_____   $ _____ 175.00
       to _ACURA CARE_____ for _Maintenance Plan_____   $ _____ 2,000.00
       to _N/A_____ for _N/A_____   $ _____ N/A
       to _N/A_____ for _N/A_____   $ _____ N/A
       to _N/A_____ for _N/A_____   $ _____ N/A
       to _N/A_____ for _N/A_____   $ _____ N/A
       to _N/A_____ for _N/A_____   $ _____ N/A
       to _N/A_____ for _N/A_____   $ _____ N/A
       Total Other Charges and Amounts Paid to Others on Your Behalf   $ _____ 9,672.50 _ (4)

5  Amount Financed (3 + 4)                                                                    $ _____ 81,356.97 _ (5)

---

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 5, is paid in full on or before
_____ N/A _____ , Year _N/A_ . SELLER'S INITIALS **B** N/A

---

**Returned Check Charge:** You agree to pay a charge of $ _____ 20 _____ if any check you give us is dishonored.

---

☐ **VENDOR'S SINGLE INTEREST INSURANCE (VSI insurance):** If the preceding box is checked, the Creditor requires VSI insurance for the initial term of the contract to protect the Creditor for loss or damage to the vehicle (collision, fire, theft, concealment, skip). VSI insurance is for the Creditor's sole protection. This insurance does not protect your interest in the vehicle. **You may choose the insurance company through which the VSI insurance is obtained.** If you elect to purchase VSI insurance through the Creditor, **the cost of this insurance is $** _____ N/A _____ and is also shown in Item 4B of the Itemization of Amount Financed. The coverage is for the initial term of the contract.

---

**Insurance.** You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit unless the box indicating Vendor's Single Interest Insurance is required is checked below.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Premium:
   Credit Life $ _____ N/A
   Credit Disability $ _____ N/A
Insurance Company Name _____
N/A
Home Office Address _____
N/A

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ N/A _____ N/A
     Type of Insurance         Term
Premium $ _____ N/A
Insurance Company Name _____
N/A
Home Office Address _____
N/A

☐ N/A _____ N/A
     Type of Insurance         Term
Premium $ _____ N/A
Insurance Company Name _____
N/A
Home Office Address _____
N/A

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost. I want the insurance checked above.

**X C** _____ _____
Buyer Signature      N/A         Date   N/A

**X C** _____ _____
Co-Buyer Signature   N/A         Date   N/A

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

## 1. FINANCE CHARGE AND PAYMENTS

**a. How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

**b. How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose as the law allows.

**c. How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

**d. You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

## 2. YOUR OTHER PROMISES TO US

**a. If the vehicle is confiscated, damaged, or stolen.**
The following paragraph does not apply if the box in the GAP Waiver Notice on page 1 of this contract is checked.
You agree to pay us all you owe under this contract even if the vehicle is confiscated, damaged, or stolen. The terms and conditions of your liability if the vehicle is confiscated, damaged, or stolen are described in a separate document you sign. The document is a part of this contract.

**b. Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

**c. Security Interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

**d. Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may,

if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**e. What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

**a. You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

**b. You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once subject to any right you have to reinstate the contract for less (see below). Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Prepaid Finance Charge and the Finance Charge, any late charges, and any amounts due because you defaulted.

**c. You may have to pay collection costs.** If we hire an attorney who is not our salaried employee to collect what you owe, you will pay the attorney's fee and court costs as permitted by law. The maximum attorney's fee you will pay will be 15% of the amount you owe.

**d. We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

**e. How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back. If two things are true, you have the right to get the vehicle back by paying all past due payments, any late charges, and any expenses we incurred related to retaking the vehicle, holding it, and preparing it for sale (reinstate). First, you must have bought the vehicle primarily for personal, family, or household use. Second, your only default is a failure to pay an instalment payment on time. Otherwise, we will tell you how much to pay to get the vehicle back. Your right to get the vehicle back ends when we sell it.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

4. **Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.**

5. **SERVICING AND COLLECTION CONTACTS**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

6. **APPLICABLE LAW**
Federal law and the law of the state of New York apply to this contract.

**Electronic Contracting and Signature Acknowledgment.** You agree that (i) this contract is an electronic contract executed by you using your electronic signature, (ii) your electronic signature signifies your intent to enter into this contract and that this contract be legally valid and enforceable in accordance with its terms to the same extent as if you had executed this contract using your written signature and (iii) the authoritative copy of this contract ("Authoritative Copy") shall be that electronic copy that resides in a document management system designated by us for the storage of authoritative copies of electronic records, which shall be deemed held by us in the ordinary course of business. Notwithstanding the foregoing, if the Authoritative Copy is converted by printing a paper copy which is marked by us as the original (the "Paper Contract"), then you acknowledge and agree that (1) your signing of this contract with your electronic signature also constitutes issuance and delivery of such Paper Contract, (2) your electronic signature associated with this contract, when affixed to the Paper Contract, constitutes your legally valid and binding signature on the Paper Contract and (3) subsequent to such conversion, your obligations will be evidenced by the Paper Contract alone.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

NO COOLING OFF PERIOD UNLESS YOU HAVE A CONTRACT CANCELLATION OPTION

State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales. It also does not apply if you buy a used vehicle from a Seller-Creditor located in New York City. The laws of New York City provide a two-day cancellation option if you buy a used vehicle. This cancellation option is subject to certain conditions. See the NYC Used Car Contract Cancellation Option agreement for details.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **X D** *DASHAWN LARODE* Co-Buyer Signs **X D** N/A

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See the rest of this contract for other important agreements.**

**NOTICE TO BUYER: 1.** Do not sign this agreement before you read it or if it contains any blank space. **2.** You are entitled to a completely filled in copy of this agreement. **3.** Under the law, you have a right to pay off in advance the full amount due. If you do so, you may, depending on the nature of the credit service charge, either: (a) prepay without penalty, or (b) under certain circumstances obtain a rebate of the credit service charge. **4.** According to law you have the privilege of purchasing insurance on the motor vehicle provided for in this contract from an agent or broker of your own selection.

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

## RETAIL INSTALMENT CONTRACT

Buyer Signs **X E** *DASHAWN LARODE* Date 02/01/2024 Co-Buyer Signs **X E** N/A Date N/A

Buyer Printed Name DASHAWN LARODE Co-Buyer Printed Name N/A

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X F** N/A

Seller Signs CRYSTAL BAY IMPORTS LTD Date 02/01/2024 By **X G** *IMRAN PARVEZ* Address N/A Title F&I

**LAW** **FORM NO. 553-NY-e** (REV. 3/22)
©2022 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.
T886590759-DP886590761 - THIS CUSTOMER COMPLETED COPY WAS CREATED

# EXHIBIT B

Fax:

Account# 6301006141802

WINSTON GREGORY HALL
388 E 49 Street
Brooklyn, NY 11203

691

2-21-2024
Date

Pay to the
Order of _____ Bank of America _____ | $ 81,400

Eighty one thousand four hundred _____ Dollars

Bureau of Public Debt
1500 Pennsylvania Ave. NW,
Washington, DC 20220

Routing No. 051736158 acc 082781090

For ACC# 6301006141802     By _____

⑈051736158⑈082781090⑈ 0691

Account #: 63010066141802



2-21-2024

without recourse where law permit

# EXHIBIT C

☐ CORRECTED (if checked)

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no. | 1 Original issue discount for the year* | OMB No. 1545-0117 | |
|---|---|---|---|
| BRIAN MOYNIHAN, CEO<br>BANK OF AMERICA CORPORATION<br>100 NORTH TRYON STREET<br>CHARLOTTE, NORTH CAROLINA, 28255<br>980-335-3561 | 2024<br>$85,000.00<br>* This may not be the correct figure to report on your income tax return. See instructions on the back. | Form **1099-OID**<br>(Rev. October 2019) | **Original Issue Discount** |
| | 2 Other periodic interest<br><br>$ 85,000.00 | For calendar year<br>20 24 | |

| PAYER'S TIN | RECIPIENT'S TIN | 3 Early withdrawal penalty<br>$ | 4 Federal income tax withheld<br>$ 85,000.00 | Copy B |
|---|---|---|---|---|
| 56-0906609 | 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 | 5 Market discount<br>$85,000.00 | 6 Acquisition premium<br>$ 85,000.00 | **For Recipient** |

RECIPIENT'S name

DASHAWN ANTHONY LARODE, PC#: 156-01-003916
ST. BARNABAS HOSPITAL

Street address (including apt. no.)

4422 Third Avenue

City or town, state or province, country, and ZIP or foreign postal code

Bronx, New York, 10447

| 7 Description |
|---|
| Account#: 630100606141902, Type MIX SL-AD<br>Color: Tiger Eye Yellow, Year: 2024, Stock<br>424223, VIN#: 5J8YD4HXXL00169, Note on<br>the use to reduce the public debt. Obligation under 18 USC 8 § 21 USC 422 |

| 8 Original issue discount on U.S. Treasury obligations*<br>$ 85,000.00 | 9 Investment expenses<br>$ 85,000.00 |
|---|---|
| 10 Bond premium<br>$ 85,000.00 | 11 Tax-exempt OID<br>$ 85,000.00 |

☐ FATCA filing requirement

| 12 State | 13 State identification no. | 14 State tax withheld |
|---|---|---|
| NY | 10457-218 | $ 85,000.00 |
| | | $ |

Account number (see instructions)

087906675

This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported.

Form **1099-OID** (Rev. 10-2019)     (keep for your records)     www.irs.gov/Form1099OID     Department of the Treasury - Internal Revenue Service

☐ VOID ☐ CORRECTED

| | | | |
|---|---|---|---|
| CREDITOR'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br>DASHAWN ANTHONY LARODE<br>BC#: 156-01-003916<br>ST. BARNABAS HOSPITAL<br>4422 THIRD AVENUE<br>BRONX, NEW YORK, 10038 | 1 Date of identifiable event<br>02-01-2024 | OMB No. 1545-1424 | **Cancellation of Debt** |
| | 2 Amount of debt discharged<br>$ 85,000.00 | Form **1099-C**<br>(Rev. January 2022) | |
| | 3 Interest, if included in box 2<br>$ 85,000.00 | For calendar year<br>20 24 | |
| CREDITOR'S TIN<br>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 | DEBTOR'S TIN<br>56-0906609 | 4 Debt description<br>Account#. 63010066141802, Type. MDX SH-AWD Color, Tiger Eye Yellow, Year. 2024, Stock 424223, VIN#. 5J8YD8H8XRL001699, Made on on the use to reduce the public debt; Obligation under 18 USC 8 & 31 USC 3123 | **Copy C For Creditor** |
| DEBTOR'S name<br>BRIAN MOYNIHAN, CEO<br>BANK OF AMERICA CORPORATION | | | For Privacy Act and Paperwork Reduction Act Notice, see the **current General Instructions for Certain Information Returns.** |
| Street address (including apt. no.)<br>100 North Tyron Street | | 5 Check here if the debtor was personally liable for repayment of the debt . . . . . . . . ☒ | |
| City or town, state or province, country, and ZIP or foreign postal code<br>North Carolina, 28255 | | | |
| Account number (see instructions)<br>087906675 | | 6 Identifiable event code<br>G | 7 Fair market value of property<br>$ 85,000.00 |

Form **1099-C** (Rev. 1-2022) www.irs.gov/Form1099C Department of the Treasury - Internal Revenue Service

☐ CORRECTED (if checked)

| | | | |
|---|---|---|---|
| LENDER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no.<br>BRIAN MOYNIHAN, CEO<br>BANK OF AMERICA CORPORATION<br>100 NORTH TYRON STREET<br>CHARLOTTE, NORTH CAROLINA, 28255<br>980-335-3561 | | OMB No. 1545-0877<br>Form **1099-A**<br>(Rev. January 2022)<br>For calendar year<br>20 24 | **Acquisition or Abandonment of Secured Property** |
| LENDER'S TIN<br>56-0906609 | BORROWER'S TIN<br>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 | 1 Date of lender's acquisition or knowledge of abandonment<br>02-01-2024 | 2 Balance of principal outstanding<br>$ 85,000.00 |
| BORROWER'S name<br>DASHAWN ANTHONY LARODE, BC#: 156-01-003916<br>ST. BARNABAS HOSPITAL | | 3 | 4 Fair market value of property<br>$85,000.00 |
| Street address (including apt. no.)<br>4422 THIRD AVENUE | | 5 If checked, the borrower was personally liable for repayment of the debt . . . . . . . . . . . ▶ ☐ | |
| City or town, state or province, country, and ZIP or foreign postal code<br>BRONX, NEW YORK, 10447 | | 6 Description of property<br>Account#: 63010066141802. TypeMDX SH-AWD Color: Tiger Eye Yellow, Year: 2024, Stock 424223, VIN: 5J8YD8H8XRL001699, Made on the use to reduce the public debt | |
| Account number (see instructions)<br>087906675 | | | |

**Copy B For Borrower**

This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if taxable income results from this transaction and the IRS determines that it has not been reported.

Form **1099-A** (Rev. 1-2022) (keep for your records) www.irs.gov/Form1099A Department of the Treasury - Internal Revenue Service

# EXHIBIT D

*State of New York* } ss:
*Department of State* }

*It is Hereby Certified,* *that* pursuant to the provision of Article 9 of the Uniform Commercial

Code, the Department of State is a proper office for filing statements under the Uniform Commercial

Code and that the Secretary of State is the custodian of such statements. It is further certified that a

diligent search has been made of the records of the Uniform Commercial Code Section of the

Department of State, and that no record has been found to be filed against DASHAWN ANTHONY

LARODE, as of April 23, 2024, 11:59 PM. ● ● ● ●





*WITNESS* my hand and the official seal of the Department
of State at the City of Albany this twenty sixth day of
April, two thousand and twenty four.

Brendan C. Hughes
Executive Deputy Secretary of State



STATE OF NEW YORK
DEPARTMENT OF STATE
ONE COMMERCE PLAZA, 99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

KATHY HOCHUL
GOVERNOR

ROBERT J. RODRIGUEZ
SECRETARY OF STATE

## INFORMATION REQUEST RESPONSE
April 26, 2024

DASHAWN ANTHONY LARODE
151 GRAFTON STREET
BROOKLYN NY 11212

Name of Individual Searched:
DASHAWN ANTHONY LARODE

The undersigned hereby certifies that there are no Financing Statements nor any Federal Tax Liens, which name the above debtor and which are on file as of 4/23/2024, 11:59 PM.

Please note that the Uniform Commercial Code Filing Database, including images of filings may be searched for variations of the Debtor's name and copies of records may be downloaded at the Department's website www.dos.ny.gov.

Our Customer Service Representatives may be reached at (518) 473-2492.

Sincerely,

Brendan C. Hughes

Brendan C. Hughes
Executive Deputy Secretary of State

Ref #: 300666

May 09, 2024
Dashawn Anthony LaRode
as Agents for Artificial Person
Care of 151 Grafton Street
Brooklyn, New York republic, [11212]
[SSN: 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  |  DOB: 1/12/2001]

URGENT!!
FILE ON DEMAND
FOR PRESS RELEASE

**CC. Experian**
P.O. Box 4500
Allen, TX  75013
Certified Mailing #
7021 0350 0000 3160 6138

**CC. Equifax**
P.O. Box 740256
Atlanta, GA  30374-0256
Certified Mailing #
7022 3330 0000 5760 4541

**CC. Trans Union**
P.O. Box # 2000
Chester, PA. 19016-2000
Certified Mailing #
7022 3330 0000 5760 4558

## NOTICE TO PRINCIPAL IS NOTICE TO AGENT NOTICE TO AGENT IS NOTICE TO PRINCIPAL

**Notice: Send all correspondences through the United States post office**

Subject: **Immediate Deletion of Fraudulent Debt Reporting from Credit Bureau Records**

Dear Experian
I am writing to formally put you on notice regarding the inclusion of fraudulent debts in my credit report. Attached to this letter, you will find certified documentation from the New York Secretary of State affirming that no such debts exist, 0 fillings were found, and all false reporting must be expunged from my credit history without delay.
The debts in question are as follows:

1.  SERVICE CREDIT UNION  - ACCOUNT LOAN # 8501799950
2.  APPLE CREDIT CARD # 5122301023808078
3.  BANK OF AMERICA - ACCOUNT LOAN # 63010066141802
4.  AMAZON CREDIT CARD – ACCOUNT # 4147400408198412

These entries are not only erroneous but also damaging to my creditworthiness and financial reputation. It is imperative that they are promptly removed to prevent any further harm.
As per the Fair Credit Reporting Act (FCRA), it is your responsibility to ensure the accuracy and integrity of the information you report. The presence of these false debts violates this legal obligation and undermines the trust consumers place in your services.

I expect immediate action to rectify this situation. Failure to do so will compel me to pursue all available legal remedies to protect my rights and restore the accuracy of my credit profile. Moreover, I reserve the right to seek damages for any harm caused by your negligent reporting. Please acknowledge receipt of this letter and confirm your plan of action to address these fraudulent entries. I can be reached at 718-521-9506 to discuss this matter further.

Thank you for your prompt attention to this urgent issue.

Sincerely,

By: _____

*Urgent: See New York Secretary of State Certified Letter Attached:*

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
Dashawn A. Larode

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

Larode, Dashawn A
151 Grfton Street
Brooklyn, NY,

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| 1a. ORGANIZATION'S NAME **BANK OF AMERICA** | | | | | |

OR

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 1c. MAILING ADDRESS **100 North Tryon Street** | CITY **Charlotte** | STATE **NC** | POSTAL CODE **28255** | COUNTRY **USA** |
|---|---|---|---|---|

| 1d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION **BANK** | 1f. JURISDICTION OF ORGANIZATION **North Carolina** | 1g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| | | | | | |
|---|---|---|---|---|---|
| 2a. ORGANIZATION'S NAME **SERVICE CREDIT UNION** | | | | | |

OR

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS **3003 Lafayette Road** | CITY **Portsmouth** | STATE **NH** | POSTAL CODE **03801** | COUNTRY **USA** |
|---|---|---|---|---|

| 2d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION **Financial Institution** | 2f. JURISDICTION OF ORGANIZATION **NH** | 2g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME OF TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| | | | | | |
|---|---|---|---|---|---|
| 3a. ORGANIZATION'S NAME | | | | | |

OR

| 3b. INDIVIDUAL'S LAST NAME **Larode** | FIRST NAME **Dashawn** | MIDDLE NAME **A** | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS **151 Graton Street** | CITY **Brooklyn** | STATE **NY** | POSTAL CODE **11212** | COUNTRY **USA** |
|---|---|---|---|---|

**4. This FINANCING STATEMENT covers the following collateral:**
All of the Debtors (Bank of America) & (Service Credit Union) rights, title and interest in the debtors' current and
future accounts receivable, general intangibles, accounts, contracts rights, leases, chattel papers, and other rights
of the debtors' hereafter arising, all cash and non-cash price of the foregoing, whether now owned or herein acquired,
without limitation, equaling a total indebtedness of; 1). EIGHTY ONE THOUSAND FOUR HUNDRED DOLLARS ($81,400.USD) that
could affect the properties and accounts numbers: Account # 63010066141802, SSN. 087906675, 2024 Acura MDX, SH-AWD, S
Type, VIN # 5J8YD8H8XRL001699, 2). TWENTY EIGHT THOUSAND EIGHT HUNDRED AND SIXTEEN DOLLARS ($28,816. USD), Account #
8501799950, 2021 Honda Accord, VIN # 1HGCV1F41MA075435 . 3) THREE THOUSAND FOUR HUNDRED DOLLARS ($3,400) for parking
tickets. 4) Promissory Note in the amount of $9,000,000,000.00 USD.
This is actual and constructive notice that all debtor's interest now owned or hereafter acquired is hereby accepted
as collateral for security contractual for securing contractual obligation in favor of the secured party.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ AG. LIEN | ☒ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

## Filing Number-202404258214306

0419919       2024 Apr 25 PM06:30

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS (front and back) CAREFULLY
9. NAME OF FIRST DEBTOR (1a or 1b) ON RELATED FINANCING STATEMENT

| | | | |
|---|---|---|---|
| 9a. ORGANIZATION'S NAME **BANK OF AMERICA** | | | |
| OR | | | |
| 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | | MIDDLE NAME,SUFFIX |

10. MISCELLANEOUS:

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

11. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one name (11a or 11b) - do not abbreviate or combine names

| | | | | |
|---|---|---|---|---|
| 11a. ORGANIZATION'S NAME **NYC DEPARTMENT OF FINANCE** | | | | |
| OR | | | | |
| 11b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 11c. MAILING ADDRESS **66 JOHN STREET, 2ND FL** | CITY **NEW YORK** | STATE **NY** | POSTAL CODE **10007** | COUNTRY **USA** |

| 11d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 11e. TYPE OF ORGANIZATION **FINANCIAL INSTITUTION** | 11f. JURISDICTION OF ORGANIZATION **NEW YORK** | 11g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|

12. ☐ ADDITIONAL SECURED PARTY'S or ☐ ASSIGNOR S/P'S NAME - insert only one name (12a or 12b)

| | | | | |
|---|---|---|---|---|
| 12a. ORGANIZATION'S NAME | | | | |
| OR | | | | |
| 12b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
| 12c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

13. This FINANCING STATEMENT covers ☐ timber to be cut or ☐ as-extracted collateral, or is filed as a ☐ fixture filing.

14. Description of real estate:

16. Additional collateral description:

15. Name and address of a RECORD OWNER of above-described real estate (if Debtor does not have a record interest):

17. Check only if applicable and check only one box.
Debtor is a ☐ Trust or ☐ Trustee acting with respect to property held in trust or ☐ Decedent's Estate

18. Check only if applicable and check only one box.
☐ Debtor is a TRANSMITTING UTILITY
☐ Filed in connection with a Manufactured-Home Transaction — effective 30 years
☐ Filed in connection with a Public-Finance Transaction — effective 30 years

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT ADDENDUM (FORM UCC1Ad) (REV. 05/22/02)

EXHIBIT E

**Mitchell, Jamila**

| | |
|---|---|
| **From:** | bandfax |
| **Sent:** | Thursday, October 24, 2024 4:13 PM |
| **To:** | Mitchell, Jamila |
| **Subject:** | Message Succeeded: 918042642454 () on 10/24/2024 at 4:12:28 PM |
| **Attachments:** | Document.pdf |

The message you sent to the recipient   at 918042642454, was delivered successfully on 10/24/2024 at 4:12:28 PM Eastern Time Zone

Total Pages Sent: 1

To review your job, click the link below:

https://accuroute2.bankofamerica.com/accuroute/documentlink?jobid=21161822

## Le, Tianna

The message you sent to the recipient   at 918003110390, was delivered successfully
on 12/5/2024 at 2:16:40 PM Eastern Time Zone

Total Pages Sent: 6

To review your job, click the link below:

https://accuroute2.bankofamerica.com/accuroute/documentlink?jobid=19989384

BANK OF AMERICA, AUTO FINANCE
100 North Tryon Street, Charlotte, NC, 28255

Date: October 29, 2024
C/o: Dashawn A. LaRode
151 Grafton Street
Brooklyn, New York republic, [11212]

## Notice of Dispute

RE: Account Loan Number: 63010066141802
R: Collection of Extensions of Credit by Extortionate Means; (18 USC 894, 18 USC 8 & 12 USC 83)

To: Brian Moynihan, CEO

Good day, I, Dashawn A. LaRode sending a **Notice of Dispute** to Brian Moynihan CEO of BANK OF AMERICA asking to verify the alleged debt, and that you are the Original creditor. you are now on **Notice to Cease and Desist** all wrongdoing including communication with the credit reporting agencies within 5 business days of receipt of this **notice**. I demand you verify under oath or affirmation that you are the original creditor associated with this Credit transaction on account-number (LOAN) ending 1804. This transaction was for family, personal and household purposes, also I am aware that the finance charge is the sum total of all charges, therefore all obligations was satisfied at the time of the credit transaction with BANK OF AMERICA dated 02-01-2024 was completed. Whereas, reporting this account to the credit reporting agencies with the intention to abuse and oppress me into paying a debt that is not owed is a misrepresentation methods to fraudulently collect a debt that is not owed. This is a violation pursuant to (18 U.S.C 894), for using my credit file with Extortionate means and intentions to coerce and swindle me into paying an obligation of the United States (18 U.S.C. 8, 18 USC 894 & 12 USC 83). I demand the account be removed indefinitely from all credit reporting agencies within 5 days, and respond to me at my home address, 151 Grafton Street, Brooklyn, New York republic, [11212], as soon as possible. You have been Notified upon receipt of this Notice of Dispute.

By: _Dashawn LaRode_ _____

 IRS Department of the Treasury
Internal Revenue Service

FRESNO   CA  93888-0025

In reply refer to:  1042507903
Oct. 18, 2024   LTR 672C   O
***-**-6675  202312 30
                00004405
BODC: WI

*Fax: 800 311 0390*
*Dec 5, 2024*
*Account# 63010066141802*
*Fax# 1804 264 2454*
*10-24-2024*

DASHAWN LARODE
151 GRAFTON ST
BROOKLYN  NY  11212

04042

Taxpayer identification number:  ***-**-6675
          Tax periods:  Dec. 31, 2023

Form:  1040

Dear Taxpayer:

Thank you for your inquiry dated Aug. 31, 2024.

Your check in the amount of $81,400.00, dated February 21, 2024, was
made payable to Bank of America.  Also, your money order in the amount
of $280.00 was made payment to Service Credit Union.  Therefore, you
must contact the payee to inquire about the payments.

Our records show the overpayment of $1,257.00 for the tax period ended
December 31, 2023, was applied to your account balance for the tax
period ended December 31, 2021.

The amount you owe for tax period ended Dec. 31, 2021, is
$6,959.10. Your balance includes $154.59 in penalties
and $1,252.51 in interest, figured to Nov. 07, 2024. Additional
interest will not be charged if you pay your balance within 21
calendar days (10 business days if your balance is $100,000 or more)
from the date of this notice. Otherwise, we'll continue to charge
penalties and interest until you pay the full amount you owe.

                    PAYMENT OPTIONS

Pay online, by phone, or with a mobile device. Visit
www.irs.gov/payments or the IRS2Go mobile app for all IRS payment
options.

If you plan to mail a payment, consider the electronic options at
www.irs.gov/payments first. It's free to pay from a bank account
(Direct Pay) or the Electronic Federal Tax Payment System (EFTPS).
You can also schedule payments and receive email notifications.

If you pay by check, money order, or cashier's check, make sure it's
payable to the U.S. Treasury.

Can't pay it all now?
- Apply for a payment plan (installment agreement) at www.irs.gov/OPA

DASHAWN LARODE
151 GRAFTON ST
BROOKLYN  NY  11212


- Consider an offer in compromise at www.irs.gov/OIC
- Request a temporary collection delay at
  www.irs.gov/tempcollectiondelay

To view the amount you owe and your payment history visit
www.irs.gov/account.

You can get any of the forms or publications mentioned in this letter
by visiting our website at www.irs.gov/forms-pubs or by calling
800-TAX-FORM (800-829-3676).

If you have questions, you can call 800-829-0922.

If you prefer, you can write to the address at the top of the first
page of this letter.

When you write, include a copy of this letter, and provide your
telephone number and the hours we can reach you in the spaces below.

Telephone number (   )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.



                          Sincerely yours,



                          Ursula B. Dean
                          URSULA DEAN
                          OPERATIONS MANAGER, OPERATIONS 2


Enclosures:
Envelope