UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DASHAWN A. LARODE, | ) |
|                 Plaintiff, | ) Case No. 1:24-cv-08622-HG-LB |
| v. | ) |
| BRIAN MOYNIHAN d/b/a CEO BANK OF AMERICA, JOHN ROSATTI d/b/a CEO PLAZA AUTO MALL AND GEORGE BADEEN d/b/a ALLIED FINANCE ADJUSTERS/NYCR INDUSTRIES CORP., | ) |
|                 Defendants. | ) |

**DEFENDANT BRIAN MOYNIHAN, DOING BUSINESS AS CEO BANK OF AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO DISMISS <u>PLAINTIFF'S COMPLAINT</u>**

Shan P. Massand, Esq.
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Telephone: (212) 548-2100
Facsimile: (212) 548-2150
smassand@mcguirewoods.com

*Attorneys for Defendant Brian Moynihan, doing business as CEO Bank of America*

# TABLE OF CONTENTS

Page

Page

INTRODUCTION ................................................................................................................. 1
PROCEDURAL BACKGROUND....................................................................................... 3
STANDARD OF REVIEW .................................................................................................. 4
ARGUMENT ........................................................................................................................ 5
I.     THIS COURT LACKS PERSONAL JURISDICTION OVER MR. MOYNIHAN. ......... 5
          i.     There Is No General Jurisdiction Over Mr. Moynihan. ............................ 5
          ii.    There Is No Specific Jurisdiction Over Mr. Moynihan. ........................... 6
II.    PLAINTIFF FAILS TO STATE ANY CLAIM AGAINST MR. MOYNIHAN. ............. 7
     A.    Plaintiff's FCRA Claim is Insufficiently Pled and Fails. ....................... 8
     B.    Plaintiff Fails to State a Claim for Violation of the FDCPA. ................................ 9
CONCLUSION................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*1077 Madison Street LLC v. March*,
  No. 14-CV-4253, 2015 WL 6455145 (E.D.N.Y. Oct. 26, 2015)...............................................11

*Allen v. United Student Aid Funds, Inc.*,
  No. 17-CV-8192 (VSB), 2018 WL 4680023 (S.D.N.Y. Sept. 28, 2018) ...............................10

*Arar v. Ashcroft*,
  585 F.3d 559 (2d Cir. 2009).................................................................................................4

*Artemov v. Trans Union, LLC*,
  2020 WL 5211068 (E.D.N.Y. Sept. 1, 2020) (J. Cogan)....................................................9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................................4, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)........................................................................................................4, 10

*Butnik v. Experian Info. Solutions, Inc.*,
  2021 WL 395808 (E.D.N.Y. Feb. 4, 2021)..........................................................................9

*Chloe v. Queen Bee of Beverly Hills, LLC*,
  616 F.3d 158 (2d Cir. 2010).................................................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014).........................................................................................................5, 6

*Dash v. Bank of Am. Corp.*,
  No. 18-cv-4807 (RWL), 2019 U.S. Dist. LEXIS 68789 (S.D.N.Y. Apr. 23,
  2019) ..................................................................................................................................10

*Davidson v. Capital One Bank (USA), N.A.*,
  797 F.3d 1309 (11th Cir. 2015) .........................................................................................11

*DiStefano v. Carozzi North America, Inc.*,
  286 F.3d 81 (2d Cir.2001)....................................................................................................5

*Feldman v. Sanders Legal Grp.*,
  914 F. Supp. 2d 595 (S.D.N.Y. 2012)................................................................................10

*Ford Motor Co.,* 141 S. Ct. at 1025
  141 S. Ct. at 1025.................................................................................................................6

*Giuliano v. Barch*,
 No. 16 Civ. 0859 (NSR), 2017 WL 1234042 (S.D.N.Y. Mar. 31, 2017) .................................6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
 564 U.S. 915 (2011) ...........................................................................................................5

*Henson v. Santander Consumer USA, Inc.*,
 137 S. Ct. 1718 (2017) .....................................................................................................11

*Holland v. Chase Bank USA, N.A.*,
 475 F. Supp. 3d 272, 2020 WL 4340726 (S.D.N.Y. Jul. 28, 2020) ...........................................9

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945) ...................................................................7

*Joyner v. Greiner*,
 195 F. Supp. 2d 500 ...........................................................................................................5

*Labreck v. Bank of Am., N.A.*,
 2018 U.S. Dist. LEXIS 206847 (D. Del. Dec. 7, 2018) ..........................................................8

*Lerner v. Amalgamated Clothing & Textile Workers Union*,
 938 F.2d 2 (2d Cir. 1991) ................................................................................................2, 8

*Maguire v. Citicorp Retail Serv., Inc.*,
 147 F.3d 232 (2d Cir. 1998) .............................................................................................11

*Marten v. Godwin*,
 499 F.3d 290 (3d Cir. 2007) ..............................................................................................5

*Nguyen v. Bank of Am.*,
 2015 WL 58602, 2015 U.S. Dist. LEXIS 408 (E.D.N.Y. Jan. 5, 2015) ...................................5

*Okyere v. Palisades Collection, LLC*,
 961 F. Supp. 2d 508 (S.D.N.Y. 2013) ................................................................................10

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*,
 450 F.3d 100 (2d Cir. 2006) ..............................................................................................7

*Wallace Church & Co. v. Wyattzier, LLC*,
 No. 20 Civ. 1914 (CM), 2020 WL 4369850 (S.D.N.Y. July 30, 2020) ...................................6

*Williams v. Hernandez*,
 2009 U.S. Dist. LEXIS 64800 (S.D.N.Y. July 22, 2009) .......................................................4

**State Cases**

*Brinkmann v. Adrian Carriers, Inc.*,
 29 A.D.3d 615, 815 N.Y.S.2d 196 (2006) ...........................................................................6

**Federal Statutes**

15 U.S.C. § 1681a(f) ........................................................................................................... 8

15 U.S.C. § 1681s-2 ............................................................................................................ 9

15 U.S.C. § 1692a(4) ......................................................................................................... 10

15 U.S.C. § 1692a(6) ......................................................................................................... 10

15 U.S.C. § 1692a(6)(F)(ii) ............................................................................................... 11

18 U.S.C. § 514 ................................................................................................................... 1

Fair Credit Reporting Act § 1681s-2(b) ............................................................................. 9

**Rules**

CPLR § 301 .......................................................................................................................... 6

CPLR § 302 .......................................................................................................................... 6

CPLR § 302(a) .................................................................................................................. 6, 7

Fed. R. Civ. P. 12(b)(2) ..................................................................................................... 5, 7

Fed. R. Civ. P. 12(b)(5) ........................................................................................................ 2

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 3, 10

N.Y. C.P.L.R. § 302 (McKinney 2008) .............................................................................. 7

**Regulations**

16 C.F.R. § 660.2(c) ............................................................................................................ 8

Defendant Brian Moynihan, doing business as CEO Bank of America ("Mr. Moynihan" or "Defendant"), respectfully moves this Court to dismiss Plaintiff DaShawn LaRode's ("Plaintiff") Complaint (ECF No. 1) pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6) for lack of personal jurisdiction, insufficient service of process, and failure to state a claim upon which relief can be granted. In support of this Motion, Defendant states as follows:

## INTRODUCTION

Plaintiff appears to have orchestrated a scheme to eliminate his debt on an automobile loan (the "Account") he has with Bank of America, N.A. ("BANA")[1] by tendering fraudulent payment instruments, including a bogus check[2] written by an individual who appears to be a convicted felon[3] (ECF No. 1, Ex. B), what seem to be phony IRS payment vouchers (*Id.*, Ex. C) and legally ineffective UCC Financing Statements (*Id.*, Ex. D). Notwithstanding his apparent violation of 18 U.S.C. § 514—which prohibits the use of fictitious instruments—Plaintiff brazenly asserts that he is entitled to over $45 million in damages. (*Id.* at 11). Plaintiff's contrived and baseless theory is entirely without merit.

In his tenuous Complaint, Plaintiff alleges that Mr. Moynihan violated the Fair Credit Reporting Act ("FCRA") and Fair Debt Collections Practices Act ("FDCPA") by "fail[ing] to properly credit Plaintiff's account and continu[ing] to report inaccurate payment history (*sic*) to major credit reporting agencies" ("CRAs"), "[f]ail[ing] to review all relevant information provided

---

[1] Plaintiff's allegations are directly solely at BANA. The Complaint is devoid of any allegations directed whatsoever at Mr. Moynihan, who is erroneously named herein as "doing business as CEO Bank of America."

[2] On its face, the check appears to be a personal check, yet from the Bureau of Public Debt. *See* ECF No. 1, Ex. B.

[3] *See* http://www.brooklynda.org/2019/03/13/east-flatbush-man-sentenced-to-3-to-9-years-in-prison-for-forging-deed-and-stealing-house-from-elderly-neighbor/ (last visited May 6, 2025); https://patch.com/new-york/ditmaspark/fleeing-flatbush-deed-thief-will-spend-9-years-jail-da (last visited May 7, 2025).

by Plaintiff," "[f]ail[ing] to acknowledge and properly credit payments made via check and IRS forms," "[r]epot[ing] an inaccurate charge-off amount of $89,262.05 instead of the correct amount of $81,400," and "[f]ail[ing] to acknowledge proof of payment documentation from the IRS Department of Treasury dated October 18, 2024." (*Id*. at ¶¶ 15 and 18). Plaintiff's Complaint, however, fails to state a cognizable claim. It is frivolous on its face, offering nothing more than bare legal conclusions, vague allegations of wrongdoing, and mere recitals of federal consumer protection statutes without any supporting factual content. *See generally,* Compl. Thus, Plaintiff's Complaint falls well short of meeting Rule 12(b) pleading requirements as it fails to plausibly show that Defendant is liable to Plaintiff for any of the alleged claims.

Plaintiff's Complaint also must be dismissed because he fails to plead specific required elements of his statutory claims. First, as a threshold matter, Plaintiff has failed to plead any facts sufficient to establish either general or personal jurisdiction over Mr. Moynihan. *See generally,* Compl. Accordingly, Mr. Moynihan should be dismissed from the action.[4] Regardless, even if Plaintiff could establish jurisdiction over Mr. Moynihan, which he cannot, Mr. Moynihan should not be held personally liable for any action allegedly undertaken by BANA. As a general rule, New York maintains a strong presumption against imposing personal liability upon a corporate officer "absent clear evidence of an intent to create individual liability." *Lerner v. Amalgamated Clothing & Textile Workers Union*, 938 F.2d 2, 5 (2d Cir. 1991).

Additionally, Plaintiff's FCRA claim should be dismissed because: (1) the statute does not apply to Mr. Moynihan, who is undisputedly neither a furnisher or credit reporting agency; and (2)

---

[4] Mr. Moynihan should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, as he has not been properly served—an issue already recognized by Magistrate Judge Bloom. *See* ECF Nos. 7 and 12. Plaintiff's purported Affidavit of Service (ECF No. 15) does not establish valid service under Rule 4(e), as it reflects service on an officer of BANA, rather than on Mr. Moynihan personally or through any authorized agent.

it is premised on baseless and conclusory allegations. Moreover, to the extent Plaintiff alleges inaccurate reporting, such allegations fail to state a claim under the FCRA, as the purported "payments"—including those allegedly made via IRS forms—did not satisfy the outstanding debt owed on the Account.

Further, Plaintiff's FDCPA claim fails as a matter of law because a defendant can only be held liable for violating the FDCPA if it is a "debt collector," which is clearly not the case for Mr. Moynihan (or even BANA). The FDCPA claim also fails because Plaintiff does not, and cannot, plausibly allege any specific conduct by BANA or Mr. Moynihan that violated the FDCPA. *See generally,* Compl.

Plaintiff's Complaint wholly fails to set forth the requisite elements to establish a cause of action, and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To foreclose the possibility that Plaintiff will continue to harass Mr. Moynihan or BANA by pressing baseless claims in future filings[5], the Court should dismiss the Complaint with prejudice and without leave to amend as any amendment would be futile.

## PROCEDURAL BACKGROUND

On or about December 18, 2024, Plaintiff filed his Complaint against Mr. Moynihan. *See* Declaration of Shan Massand, Ex. A (Complaint) ("Compl."). As further discussed herein, the Complaint consists of conclusory allegations, legal assertions unsupported by factual content, and meritless references to federal statutes—many of which appear to reflect the discredited legal theories commonly advanced by adherents of the so-called "sovereign citizen" movement—but fails to set forth any plausible claim for relief under the statutes cited. *See generally,* Compl. On

---

[5] Including Mr. Moynihan's counsel and firm by filing vexatious UCC Financing Statements against them. *See* https://appext20.dos.ny.gov/ASPIMGVIEWP8/IMGVIEW.ASPX?pdocid={30204795-0000-C349-BB4B-2F8D5236E309}&pidmname=DEFAULT&pApp=UCC (last visited May 8, 2025).

February 6, 2025, Mr. Moynihan filed a letter requesting a pre-motion conference concerning his anticipated motion to dismiss. *See* ECF. No. 13. On March 31, 2025, the Court entered an order stating that the Defendant's motion to dismiss is due by May 15, 2025.

## **STANDARD OF REVIEW**

On a motion to dismiss, courts require "enough facts to state a claim to relief that is plausible on its face." *Arar v. Ashcroft*, 585 F.3d 559, 569 (2d Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 570. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

For a claim to be facially plausible, a plaintiff must plead "*factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Thus, the relevant inquiry is not whether any facts *could be* invented that would state a claim for relief, but whether sufficient facts *have been pled* in the first instance to support the legal claims asserted. *See Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" and dismissal is required "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct").

And, "[a]lthough the allegations of a pro se complaint are reviewed under less stringent standards than pleadings drafted by counsel, the duty to liberally construe plaintiff's complaint is not the equivalent of a duty to re-write it." *Williams v. Hernandez*, 2009 U.S. Dist. LEXIS 64800,

4

at *6-8 (S.D.N.Y. July 22, 2009) (quoting *Joyner v. Greiner*, 195 F. Supp. 2d 500, 503). When a *pro se* Plaintiff has altogether failed to satisfy a pleading requirement, the Court must dismiss the claim. *Nguyen v. Bank of Am.*, 2015 WL 58602, at *2, 2015 U.S. Dist. LEXIS 408, at *7 (E.D.N.Y. Jan. 5, 2015) (citation omitted).

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over Mr. Moynihan.

Mr. Moynihan seeks dismissal for "lack of personal jurisdiction" pursuant to Federal Rule of Civil Procedure 12(b)(2). Plaintiffs bear the burden of establishing the court's jurisdiction. *DiStefano v. Carozzi North America, Inc.,* 286 F.3d 81, 84 (2d Cir. 2001). The U.S. Constitution recognizes two types of personal jurisdiction, general and specific. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Plaintiff has not and cannot establish either type of jurisdiction over Mr. Moynihan.

#### i. There Is No General Jurisdiction Over Mr. Moynihan.

General jurisdiction exists when a defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "Only a limited set of affiliations with a forum will render a defendant amenable to [general] jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Id.*

Plaintiff pleads no allegations and has no competent evidence establishing that Mr. Moynihan is domiciled in New York or has other contacts with New York to be at home here. Outside the caption and signature block, Plaintiff never mentions Mr. Moynihan in the Complaint. *See generally* ECF. No. 1. Plaintiff cannot carry his burden through silence. And besides, any attempt to establish general jurisdiction over Mr. Moynihan would have been futile because he

5

resides in Massachusetts, works in Massachusetts and North Carolina, and manages a National Association headquartered in North Carolina. *See Wallace Church & Co. v. Wyattzier, LLC,* No. 20 Civ. 1914 (CM), 2020 WL 4369850, at *5 (S.D.N.Y. July 30, 2020) ("An individual defendant 'cannot be subject to jurisdiction under CPLR § 301 unless he is doing business in New York as an individual rather than on behalf of a corporation.'" (quoting *Brinkmann v. Adrian Carriers, Inc.,* 29 A.D.3d 615, 617, 815 N.Y.S.2d 196 (2006))); *Giuliano v. Barch,* No. 16 Civ. 0859 (NSR), 2017 WL 1234042, at *5 (S.D.N.Y. Mar. 31, 2017) ("[I]ndividuals acting on a corporation's behalf are not subject to general personal jurisdiction under Section 301.").

Like *Wallace Church*, there are no allegations in Plaintiff's Complaint that Mr. Moynihan is doing business as an individual rather than on BANA's behalf. As a result, this Court lacks general jurisdiction over Mr. Moynihan. *Wallace Church*, 2020 WL 4369850, at *5.

### ii. There Is No Specific Jurisdiction Over Mr. Moynihan.

For specific jurisdiction to exist under CPLR § 302(a), "there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Ford Motor Co.,* 141 S. Ct. at 1025. The issue is thus whether Mr. Moynihan's contacts, in connection with the allegations in the Complaint, "create[d] a substantial connection with [New York]." *Walden v. Fiore*, 571 U.S. 277, 285, 134 S. Ct. 1115, 571 U.S. at 284, 134 S. Ct. 1115 (requiring "suit-related conduct [that] create[s] a substantial connection with the forum state").

Plaintiff has offered no facts, whatsoever, to establish that Mr. Moynihan is subject to specific personal jurisdiction under New York's long-arm statute. CPLR 302. To be subject to long-arm jurisdiction, Mr. Moynihan must have personally transacted business within New York or contracted to send goods here, and the cause or causes of action must arise from that business

activity. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006). In relevant part, CPLR 302(a) provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent [1] transacts any business within the state or [2] contracts anywhere to supply goods or services in the state....

N.Y. C.P.L.R. § 302 (McKinney 2008).

If New York law permits the exercise of long-arm jurisdiction, the Due Process Clause of the Constitution must be satisfied. *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 164 (2d Cir. 2010). Due process requires the defendant to have sufficient "minimum contacts" with the forum state to justify the exercise of personal jurisdiction and for the assertion of jurisdiction to be reasonable. *Id*. (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L.Ed. 95 (1945). Here, Plaintiff does not present any facts, whatsoever, that could support the exercise of specific personal jurisdiction over Mr. Moynihan. Indeed, Plaintiff does not identify a single act by Mr. Moynihan related to the alleged conduct at issue at all. *See generally* ECF. No. 1. Rather, Plaintiff makes vague references to purported violations of consumer protection statutes in connection with an unspecified account held by Plaintiff. Thus, having failed to plead that Mr. Moynihan personally took any specific action in connection with the alleged violations, Plaintiff has not—and cannot—establish that the Court may constitutionally exercise personal jurisdiction over him. Accordingly, Plaintiff's claims against Mr. Moynihan should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

## II. Plaintiff Fails to State Any Claim Against Mr. Moynihan.

Even assuming, *arguendo,* that this Court has jurisdiction over Mr. Moynihan—which it does not—Plaintiff has nevertheless failed to plead any facts sufficient to establish Mr.

Moynihan's personal liability for any conduct purportedly undertaken by BANA. As a general rule, New York maintains a strong presumption against imposing personal liability upon a corporate officer "absent clear evidence of an intent to create individual liability." *Lerner v. Amalgamated Clothing & Textile Workers Union*, 938 F.2d 2, 5 (2d Cir. 1991). Here, Plaintiff has not pled any facts suggesting that either BANA or Mr. Moynihan intended to create personal liability on Mr. Moynihan's part. *See generally,* Compl. The Complaint merely identifies Mr. Moynihan as the Chief Executive Officer of BANA, which, standing alone, is wholly insufficient to support a claim for individual liability. *Id.* Accordingly, Mr. Moynihan should be dismissed from this action for this reason alone, even though Plaintiff's claims also fail on substantive grounds as further discussed below.

    A.    **Plaintiff's FCRA Claim is Insufficiently Pled and Fails.**

In support of his FCRA claim, Plaintiff appears to claim that BANA and Mr. Moynihan failed to properly credit his Account and continued to report his payment history to the CRA. *See* ECF. 1 at 5-7. First and foremost, the FCRA is wholly inapplicable to Mr. Moynihan because he is not a consumer reporting agency or furnisher[6] of credit information and therefore does not even come under the FCRA's ambit. *See Labreck v. Bank of Am., N.A.*, 2018 U.S. Dist. LEXIS 206847, at *8 (D. Del. Dec. 7, 2018) (dismissing FCRA claim against Mr. Moynihan where "[o]ther than to name Moynihan as the CEO of Bank of America, the Amended Complaint does not contain any

---

[6] The FCRA defines a "consumer reporting agency" as any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." *See* 15 U.S.C. § 1681a(f). A "furnisher" of credit information is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." *See* 16 C.F.R. § 660.2(c).

facts regarding Moynihan's alleged actions for false reporting of Plaintiffs loans.") (collecting cases).

Second, the FCRA imposes obligations on creditors that "furnish" information to credit reporting agencies ("CRAs"). *See* 15 U.S.C. § 1681s-2. There are two components to a furnisher's obligations under Section 1681s-2. Subsection (a) of Section 1681s-2 sets forth a furnisher's duty to report "accurate information" to the CRAs. Subsection (b) of Section 1681s-2 sets forth a furnisher's duty to conduct an investigation in response to a notice of dispute from a CRA. It is well settled that there can be no violation of Section 1681s-2(b) when a plaintiff has failed to identify inaccurate information in his credit report. *See Butnik v. Experian Info. Solutions, Inc.*, 2021 WL 395808, at *5 (E.D.N.Y. Feb. 4, 2021) (collecting recent cases) ("Because Plaintiff has failed to sufficiently allege that Defendant BANA provided accurate or misleading information regarding his accounts, his FCRA claims against Defendant BANA are dismissed."); *Holland v. Chase Bank USA, N.A.*, 475 F. Supp. 3d 272, 2020 WL 4340726, at *3 (S.D.N.Y. Jul. 28, 2020) (granting furnisher's motion to dismiss and finding "[a] 'prima facie showing of inaccurate reporting' is thus essential to maintaining a § 1681s-2(b) claim." (citations omitted)); *see also Artemov v. Trans Union, LLC*, 2020 WL 5211068, at *3-4 (E.D.N.Y. Sept. 1, 2020) (J. Cogan) (noting that accuracy is an essential element of a claim for negligent or willful violation of Section 1681s-2(b) of the FCRA and dismissing plaintiff's claim for failure to allege an inaccuracy). Plaintiff cannot plausibly allege any inaccuracy in the reporting of his Account because the purported payments he tendered were fraudulent financial instruments and legally ineffective; therefore, the debt remains valid and outstanding. Consequently, reporting the Account as delinquent is accurate and does not violate the FCRA.

B. **Plaintiff Fails to State a Claim for Violation of the FDCPA.**

Plaintiff alleges in conclusory fashion that defendants violated the FDCPA. *See* ECF. No.

1 at 7-10. This vague and conclusory assertion is insufficient to establish an FDCPA violation. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, Plaintiff's FDCPA claim should be dismissed pursuant to Rule 12(b)(6).

Plaintiff's substantive FDCPA claim also fails as a matter of law because a defendant can only be held liable under the FDCPA if it qualifies as a "debt collector," which neither Mr. Moynihan nor BANA does. "To establish a violation of the FDCPA, a plaintiff must satisfy three elements: (i) the plaintiff must be a 'consumer;' (ii) the defendant must be a 'debt collector;' and (iii) the defendant must have committed some act or omission in violation of the FDCPA." *Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192 (VSB), 2018 WL 4680023, at *4 (S.D.N.Y. Sept. 28, 2018) (citing *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 514 (S.D.N.Y. 2013)). "[A] defendant," therefore, "can only be held liable for violating the FDCPA if [it] is a 'debt collector' within the meaning of the [FDCPA]." *Id.* (quoting *Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 599 (S.D.N.Y. 2012)).

Under the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

Although debt collectors are subject to the FDCPA, creditors such as BANA (not to mention Mr. Moynihan) are not. Instead, the FDCPA "limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts." *Dash v. Bank of Am. Corp.*, No. 18-cv-4807 (RWL), 2019 U.S. Dist. LEXIS 68789

(S.D.N.Y. Apr. 23, 2019) (citing *1077 Madison Street LLC v. March*, No. 14-CV-4253, 2015 WL 6455145, at *3 (E.D.N.Y. Oct. 26, 2015)). Indeed, the FDCPA expressly excludes creditors from the definition of "debt collector" stating "[t]he term [debt collector] does not include—(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F)(ii). Accordingly, Plaintiff cannot plausibly allege that BANA, or Mr. Moynihan, are debt collectors and his FDCPA claim fails. *See Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017) (holding that when an entity acts to collect its own debts, it is acting as a creditor, not a debt collector, and is not subject to the FDCPA); *Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998) ("As a general matter, creditors are not subject to the FDCPA."); *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1311 (11th Cir. 2015) ("We need look no further than the statutory text to conclude that, under the plain language of the FDCPA, a bank (or any person or entity) does not qualify as a 'debt collector' where the bank does not regularly collect or attempt to collect on debts 'owed or due another' and where 'the collection of any debts' is not 'the principal purpose' of the bank's business, even where the consumer's debt was in default at the time the bank acquired it.").

It is beyond dispute that Mr. Moynihan is not a debt collector, and Plaintiff cannot plausibly allege that he is. Thus, Plaintiff's claim for relief under the FDCPA must be dismissed.

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiff's Complaint against Mr. Moynihan in its entirety with prejudice and without leave to amend as any amendment would be futile, and award such any other relief it deems just and proper.

Dated: New York, New York
      May 13, 2025

Respectfully submitted,

*/s/ Shan Massand*
Shan P. Massand
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020-1104
Phone: (212) 548-2100
Fax: (212) 548-2150
smassand@mcguirewoods.com

*Attorneys for Defendant Brian Moynihan doing business as CEO Bank of America*