UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DASHAWN A. LaRODE

                                Plaintiff,

       -against-

BRIAN MOYNIHAN d/b/a CEO BANK OF
AMERICA, JOHN ROSATTI d/b/a CEO PLAZA
AUTO MALL, GEORGE BADEEN Dba PRESIDENT
ALLIED FINANCE ADJUSTERS/NYCRR
INDUSTRIES CORP. ALL IN THEIR INDIVIDUAL
& OFFICIAL CAPCITY,

                                Defendants.
-----------------------------------------------------------------X

Case No.: 1:24-cv-08622 (HG)(LB)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT JOHN ROSATTI'S
MOTION TO DISMISS THE COMPLAINT FOR INSUFFICIENT SERVICE
OF PROCESS AND FAILURE TO STATE A CLAIM UPON WHICH
<u>RELIEF CAN BE GRANTED</u>**

**MILMAN LABUDA LAW GROUP PLLC**

Jamie S. Felsen, Esq.
Kyle F. Monaghan, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamie@mllaborlaw.com
kyle@mllaborlaw.com

**Date of Service: May 15, 2025**

## TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................ 1
**STANDARD OF REVIEW** ...................................................................................................... 2
**FACTS** ......................................................................................................................................... 4
**ARGUMENT**............................................................................................................................... 6
**POINT I** ....................................................................................................................................... 6
   **JOHN ROSATTI WAS NOT SERVED** ........................................................................ 6
**POINT II**...................................................................................................................................... 8
   **PLAINTIFF'S CLAIMS ARE IRRETRIEVABLY DEFECTIVE**................................ 8
**CONCLUSION** ........................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

Allen v. United Student Aid Funds, Inc., 2018 U.S. Dist. LEXIS 167774, *8 (S.D.N.Y. Sept. 28, 2018) ............................................................................................................................... 10
Anderson v. Bank of Am., N.A., 2014 WL 12587072, *2 (S.D. Texas Jan. 27, 2014) ................ 12
Arar v. Ashcroft, 585 F.3d 559, 678 (2d Cir. 2009) .................................................................... 10
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) .................................................................................. 4
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557, 570 (2007) ............................................. 4,10
Butnik v. Experian Info. Solutions, Inc., 2021 U.S. Dist. LEXIS 21926, *12 (E.D.N.Y. Feb. 4, 2021) ................................................................................................................................. 9
Cheruvu v. Healthnow, NY Inc., 2022 U.S. Dist. LEXIS 53677 (W.D.N.Y. Mar. 23, 2022) ....... 1
Claunch v. Bank of Am., 2013 WL 3095041 (S.D. Miss. June 18, 2013) ................................... 12
Cohen v. Ditech Fin., LLC, 342 F.Supp.3d 460, 465 (S.D.N.Y. 2018) ......................................... 9
Feldman v. Sanders Legal Grp., 914 F.Supp.2d 595, 599 (S.D.N.Y. 2012) ............................... 10
Gillespie v. St. Regis Residence Club, NY Inc., 343 F Supp 3d 332, 352 (S.D.N.Y. 2018) .......... 1
George v. Pro. Disposables Int'l, Inc., 221 F.Supp.3d 428, 442 (S.D.N.Y. 2016) ........................ 2
Gooden-Hamilton v. Albertelli Law, 2018 U.S. Dist. LEXIS 132853, *16-17 (Ga.N.D. Apr. 18, 2018) ............................................................................................................................... 10
Green v. Wells Fargo Bank, N.A. (In re Green), 2020 Bankr. LEXIS 1607, *40-42 (Bankr. E.D.N.Y. June 18, 2020) ................................................................................................ 8,9
In re Jacques, 416 B.R.63, 74-75 (Bankr. E.D.N.Y. 2009) ........................................................... 9
Labreck v. Bank of Am., N.A., 2018 U.S. Dist. LEXIS 206847, at *8 (D. Del. Dec. 7, 2018) ...... 9
Lerner v. Amalgamated Clothing & Textile Workers Union, 938 F.2d 2, 5 (2d Cir. 1991) ........ 11
Levy v. Southbrook Int'l Investments, Ltd., 263 F.3d 10, 14 (2d Cir. 2001) ................................. 4
Mund v. Transunion, 2019 U.S. Dist. LEXIS 31289, *2 (E.D.N.Y. Feb. 27, 2019) ..................... 8
Welsh v. United Parcels Serv., 2025 U.S. Dist. LEXIS 42926, *6 (E.D.N.Y. Mar. 6, 2025) ........ 2

**Statutes**

15 U.S.C. § 1681 ............................................................................................................................ 1
15 U.S.C. § 1681a(f) ...................................................................................................................... 8
15 U.S.C. § 1692 ............................................................................................................................ 1
15 U.S.C. § 1692a(6) ................................................................................................................... 10
C.F.R. § 660.2(c) ........................................................................................................................... 9
CPLR § 308 ........................................................................................................................... passim

**Rules**

Fed. R. Civ. P. 12(b)(5) ................................................................................................................. 2
Fed. R. Civ. P. 12(b)(6) .............................................................................................................. 2, 3
Fed. R. Civ. P. 8(a)(2) .................................................................................................................... 4

Defendant John Rosatti, sued herein in his "individual and official capacity (sic)" as John Rosatti d/b/a CEO Plaza Auto Mall (hereinafter "Defendant Rosatti"), respectfully submits this memorandum of law in support of his motion, pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "Fed. R. Civ. P."), to dismiss Plaintiff, DaShawn A. LaRode's (hereinafter "Plaintiff" or "LaRode") Complaint, with prejudice without leave to amend.

## PRELIMINARY STATEMENT

The Complaint filed by Plaintiff purports to state a claim against Defendant Rosatti for a violation of (i) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. in relation to alleged credit reporting by Defendant, Brian Moynihan d/b/a CEO Bank of America (hereinafter "Defendant Moynihan"), on a vehicle loan obtained by Plaintiff; and (ii) the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, et seq., in relation to the alleged repossession of Plaintiff's vehicle by Defendant Moynihan, Defendant Rosatti[1] and George Badeen, d/b/a President of Allied Finance Adjusters/NYCR Industries Corp. (hereinafter "Defendant Badeen").

The Complaint is ripe for dismissal for numerous reasons. First, this Court lacks personal jurisdiction over Defendant Rosatti as Plaintiff has not demonstrated that he served Defendant Rosatti personally, as required since he brought this lawsuit against Defendant Rosatti in his individual capacity. Second, Plaintiff does not state a plausible claim for violations of the FCRA or FDCPA against Defendant Rosatti because he is not a consumer reporting agency for the purposes of the FCRA, nor is he a creditor for the purposes of the FDCPA. As such, Plaintiff

---

[1] Plaintiff pleads his second cause of action against "Defendants" without indicating which Defendant he alleges repossessed the vehicle. However, "Complaints that rely on group pleading fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim." Gillespie v. St. Regis Residence Club, NY Inc., 343 F Supp 3d 332, 352 (S.D.N.Y. 2018); see also Cheruvu v. Healthnow, NY Inc., 2022 U.S. Dist. LEXIS 53677 (W.D.N.Y. Mar. 23, 2022) ("[s]uch "group pleading" is insufficient for purposes of Rule 8(a)(2) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief.")  Plaza Auto Mall sold the vehicle to Plaintiff, and it had no further involvement concerning the collection of any payments, credit reporting, or repossession of the vehicle.

1

cannot maintain either of his causes of action against Defendant Rosatti pursuant to the FCRA or FDCPA. Thus, as discussed more fully herein, the Court should dismiss Plaintiff's Complaint against Defendant Rosatti, with prejudice.

## STANDARD OF REVIEW

### i. Rule 12(b)(5)

Fed. R. Civ. P. 12(b)(5) allows a court to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5).

A defendant must be served with the summons and complaint within ninety (90) days after the complaint is filed. See Fed. R. Civ. P. 4(m). "In general, a motion to dismiss under Rule 12(b)(5) is jurisdictional because a federal court … may only exercise personal jurisdiction over a defendant if the plaintiff's service of process upon the defendant … was procedurally proper." Welsh v. United Parcels Serv., 2025 U.S. Dist. LEXIS 42926, *6 (E.D.N.Y. Mar. 6, 2025) (internal citations omitted). "Where a defendant moves to dismiss under both Fed. R. Civ. P. 12(b)(5), for insufficient service of process, and Fed. R. Civ. P. 12(b)(6), for failure to state a claim, the trial court will ordinarily consider the jurisdictional issues first." Id., at *7; see also George v. Prof'l. Disposables Int'l, Inc., 221 F.Supp.3d 428, 442 (S.D.N.Y. 2016).

Pursuant to New York Civil Practice Law and Rules ("CPLR") § 308, personal service may be effectuated:

> 1. by delivering the summons within the state to the person to be served; or
>
> 2. by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such delivery and mailing to

2

be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later; service shall be complete ten days after such filing; proof of service shall identify such person of suitable age and discretion and state the date, time and place of service, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law; or

3. by delivering the summons within the state to the agent for service of the person to be served as designated under rule 318, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

4. where service under paragraphs one and two cannot be made with due diligence, by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business in an envelope bearing the legend "personal and confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served, such affixing and mailing to be effected within twenty days of each other; proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such affixing or mailing, whichever is effected later; service shall be complete ten days after such filing, except in matrimonial actions where service hereunder may be made pursuant to an order made in accordance with the provisions of subdivision a of section two hundred thirty-two of the domestic relations law;

5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.

See CPLR § 308; ECF Docket Entry 7.

Here, as discussed in more detail below, Plaintiff has failed to effectuate service on Defendant Rosatti pursuant to Fed. R. Civ. P. 4 or CPLR § 308.

### ii. **Rule 12(b)(6)**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiff must allege in his complaint facts that, if accepted as true, "state a claim to relief that is plausible on its face." See

3

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, Plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See Iqbal, 556 U.S. at 678.

"[O]n a motion to dismiss[,] a court must accept all factual allegations as true and draw all reasonable inferences in the plaintiffs favor." See Levy v. Southbrook Int'l Investments, Ltd., 263 F.3d 10, 14 (2d Cir. 2001), cert. denied, 535 U.S. 1054 (2002) (citations omitted). However, the Court need not accept legal conclusions as true. See Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." See Iqbal, 556 U.S.at 679.

## FACTS

Plaintiff initiated this lawsuit by filing the Summons and Complaint on December 18, 2024. See Doc. Nos. 1, 3. Plaintiff claims that on that same day, he served, *inter alia*, Defendant Rosatti, by mailing a copy of the Summons and Complaint to 2740 Nostrand Avenue, Brooklyn, NY 11210. See Doc. No. 5. On January 8, 2025, Magistrate Judge Lois Bloom issued an order informing Plaintiff that

> [m]ailing the summons and complaint to a defendant is not proper service under federal or New York state law. See Fed. R. Civ. P. 4(e). Plaintiff shall

4

> have 90 days from December 18, 2024 to serve defendants with the summons and complaint and file proof of proper service with the Court. Fed. R. Ci. P. 4(m).

ECF Docket Entry 7,

On February 7, 2025, Plaintiff filed a "Proof of Service", signed off by an individual named "Sage El" stating that Defendant Rosatti was served by (i) by leaving a copy at Defendant Rosatti's "residence or usual place of abode with … Sal Beck, a person of suitable age and discretion who resides there, on … February 5, 2025, and mailed a copy to the individual's last known address"; and (ii) by serving "Sal Beck" who is designated by law to accept service of process on behalf of … Plaza Auto Mall Sal Beck on … February 5, 2025". See Doc. No. 15. Notably, the address at which "Sage El" purports to have served Defendant Rosatti on February 5, 2025 is different than that address that Plaintiff mailed the Summons and Complaint to on December 18, 2025. In any event, as detailed below, this purported service on February 5, 2025 was not valid service pursuant to Fed. R. Civ. P. 4, nor was it proper service pursuant to CPLR § 308.

Turning to the allegations in the Complaint, the only allegation specifically concerning Defendant Rosatti is that John Rosatti, dba CEO Plaza Auto Mall, is an automative dealership located at 2740 Nostrand Ave, Brooklyn, NY, 11210, that participated in the underlying transaction giving rise to this action and, upon information and belief, regularly engaged in the collection of consumer debts. He is sued in both his individual and official capacities. See Doc. No. 1 at ¶ 6. The Complaint contains no allegations as to Defendant Rosatti purportedly regularly engaging in the collection of consumer debts, or collecting a debt from Plaintiff. There are no additional allegations concerning Defendant Rosatti.

Plaintiff alleges he entered into an auto loan agreement with "PLAZA AUTO MALL & BANK OF AMERICA" relating to the purchase of a 2024 Acura S-Type MDX, VIN:

5

5J8YD8H8RL001699 (hereinafter the "Vehicle"). Plaintiff purports to have made a payment to "Bank of America" in the amount of $81,400, and through other apparent IRS payment vouchers, each of which were also written out to "Bank of America". Id., at ¶¶ 12-13, Exs. A and B. Plaintiff also alleges that, despite these payments, Bank of America failed to properly credit Plaintiff's account. Notably, Plaintiff does not claim, nor can he, that Defendant Rosatti, in his personal capacity (in which he is sued), failed to properly credit Plaintiff's account.

Plaintiff further alleges that he submitted disputes to "CRAs" (presumably credit reporting agencies), they forwarded the disputes to Bank of America, and Bank of America failed to conduct a reasonable investigation. Again, Plaintiff does not allege that the CRAs forwarded the disputes to Defendant Rosatti or that Defendant Rosatti failed to conduct an investigation.

Plaintiff alleges that, thereafter, Defendant Badeen "in conjunction with NYCR Industries Corp." repossessed the Vehicle without any notice. It bears repeating that Plaintiff does not allege that Defendant Rosatti repossessed the Vehicle. As detailed herein, these allegations fall well short of the required pleading requirements pursuant to the FCRA or FDCPA and Plaintiff's Complaint against Defendant Rosatti must be dismissed.

## ARGUMENT

## POINT I

## JOHN ROSATTI WAS NOT SERVED

Defendant Rosatti was not served with the Summons and Complaint.

Plaintiff's initial attempt to serve Defendant Rosatti on December 18, 2024 by mailing the Summons and Complaint by certified mail was improper and does not constitute proper service pursuant to Fed. R. Civ. P. 4 or CPLR § 308, as this Court previously concluded in its January 8, 2025 Order.  ECF Docket Entry 7

Plaintiff's purported service on Defendant Rosatti on February 5, 2025 fares no better. Plaintiff submitted a "Proof of Service", signed by an individual named "Sage El" stating that, on February 5, 2025, Defendant Rosatti was served by (i) leaving a copy at Defendant Rosatti's "residence or usual place of abode with … Sal Beck, a person of suitable age and discretion who resides there", and "mailed a copy to the individual's last known address"; and (ii) by serving "Sal Beck" who is designated by law to accept service of process on behalf of … Plaza Auto Mall". ECF Docket Entry 15.  Neither method constitutes proper service pursuant to Fed. R. Civ. P. 4 or CPLR § 308.

First, there are serious doubts as to the legitimacy of the "Proof of Service" that was signed by "Sage El" due to his prior incarceration for forging an elderly neighbor's deed.[2]  Notably, "Sage El" is also known as Winston Gregory Hallis[3], the same person that had provided Bank of America with the $81,400 check, which Defendant Moynihan has alleged was fraudulent.

Second, even if "Sage El" did serve "Sal Beck" at 2751 Nostrand Ave, Brooklyn, NY 11210, it is not Defendant Rosatti's "residence or usual place of abode" as it is a commercial address, not a residential address.  Indeed, 2751 Nostrand Ave, Brooklyn, NY 11210 is the location of Acura of Brooklyn. See www.acuraofbrooklyn.com.  Therefore, "Sal Beck" cannot reside there, nor can John Rosatti.

The Proof of Service also states that the Summons and Complaint were served by serving "Sal Beck" who is designated by law to accept service of process on behalf of … Plaza Auto Mall". However, "Plaza Auto Mall" is not a party.  Moreover, serving an agent purportedly designated to accept service of process for a corporation does not constitute service of process on an individual.

---

[2] See http://www.brooklynda.org/2019/03/13/east-flatbush-man-sentenced-to-3-to-9-years-in-prison-for-forging-deed-and-stealing-house-from-elderly-neighbor/ (last visited May 13, 2025).
[3] See fn. 2.

7

Accordingly, service on Defendant Rosatti was not proper pursuant to either Fed. R. Civ. P. 4 or CPLR § 308 and the Complaint must be dismissed against Defendant Rosatti because this Court lacks personal jurisdiction over Defendant Rosatti.

## POINT II

## PLAINTIFF'S CLAIMS ARE IRRETRIEVABLY DEFECTIVE

Assuming *arguendo* that this Court has personal jurisdiction over Defendant Rosatti (which it does not), Plaintiff's claims under the FCRA and FDCPA fall flat on their face because they completely fail to state a claim upon which relief can be granted.

### A. Plaintiff Has Failed to Sufficiently Plead His FCRA Claim Against Defendant Rosatti

"The FCRA protects the fairness, accuracy, and privacy of information contained in consumer credit reports." Green v. Wells Fargo Bank, N.A. (In re Green), 2020 Bankr. LEXIS 1607, *42 (Bankr. E.D.N.Y. June 18, 2020). "Accordingly, in order to state a FCRA claim, a plaintiff must allege adequately (i) that he or she disputed information in his or her credit report to a credit reporting agency; (ii) that the credit reporting agency notified the entity that furnished the reporting agency with the disputed information; and (iii) that the furnisher 'thereafter acted in willful or negligent noncompliance . . . .' by failing to conduct a reasonable investigation of the dispute." Id., at *43 (quoting Mund v. Transunion, 2019 U.S. Dist. LEXIS 31289, *2 (E.D.N.Y. Feb. 27, 2019) (internal quotations omitted)). A "credit reporting agency" is defined under the FCRA as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f). Furthermore, a "furnisher" of credit

8

information is "an entity that furnishes information relating to consumer to one or more consumer reporting agencies for inclusion in a consumer report. See 16 C.F.R. § 660.2(c).

Critically, a claim under the FCRA can only be brought against a credit reporting agency. See Labreck v. Bank of Am., N.A., 2018 U.S. Dist. LEXIS 206847, at *8 (D. Del. Dec. 7, 2018) (dismissing FCRA claim against Moynihan where "[o]ther than to name Moynihan as the CEO of Bank of America, the Amended Complaint does not contain any facts regarding Moynihan's alleged actions for false reporting of Plaintiffs loans.").

Here, Plaintiff does not allege that Defendant Rosatti (or Plaza Auto Mall, who is not a party) is a credit reporting agency or that Defendant Rosatti (or Plaza Auto Mall) was the furnisher of the information. As such, Plaintiff's first cause of action pursuant to the FCRA with respect to Defendant Rosatti fails and must be dismissed. See Butnik v. Experian Info. Solutions, Inc., 2021 U.S. Dist. LEXIS 21926, *12 (E.D.N.Y. Feb. 4, 2021) ("Because Plaintiff has failed to sufficiently allege that Defendant BANA provided accurate or misleading information regarding his accounts, his FCRA claims against Defendant BANA are dismissed.").

**B. *Plaintiff Has Failed to Sufficiently Plead His FDCPA Claim Against Defendant Rosatti***

In order to state a claim under the FDCPA, a plaintiff must allege that "(1) [the plaintiff is] a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, and (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant engaged in any act or omission in violation of FDCPA requirements." In re Green, 2020 Bankr. LEXIS 1607 at *40-41 (quoting Cohen v. Ditech Fin., LLC, 342 F.Supp.3d 460, 465 (S.D.N.Y. 2018)); see also In re Jacques, 416 B.R.63, 74-75 (Bankr. E.D.N.Y. 2009). Therefore, "a defendant can only be held liable for violating the FDCPA if [it] is a 'debt collector' within the meaning of the [FDCPA]". Allen v. United Student Aid Funds, Inc., 2018 U.S. Dist. LEXIS

9

167774, *8 (S.D.N.Y. Sept. 28, 2018) (quoting Feldman v. Sanders Legal Grp., 914 F.Supp.2d 595, 599 (S.D.N.Y. 2012).

Pursuant to the FDCPA, a "debt collector is defined as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or sue or asserted to be owned or due another. 15 U.S.C. § 1692a(6).

Here, the Complaint contains a conclusory allegation that Defendant Rosatti, as the CEO of an automobile dealership, Plaza Auto Mall, purportedly regularly engaged in the collection of consumer debts. This type of conclusory allegation, without any factual support, is insufficient to establish a FDCPA violation. See Arar v. Ashcroft, 585 F.3d 559, 678 (2d Cir. 2009) (quoting Twombly, 550 U.S. at 555 (the Court is "not bound to accept as true a legal conclusion couched as a factual allegations."). There are no non-conclusory allegations as to Defendant Rosatti being a debt collector in connection with a debt owed by Plaintiff. Nor can there be as Defendant Rosatti is not a debt collector. Because Defendant Rosatti is not alleged to be nor can he be alleged to be a "debt collector" under the FDCPA, Plaintiff's FDCPA claim must be dismissed. See Gooden-Hamilton v. Albertelli Law, 2018 U.S. Dist. LEXIS 132853, *16-17 (Ga.N.D. Apr. 18, 2018) (recommending dismissal of FDCPA claim as plaintiff did not allege sufficient facts that the defendant was a "debt collector" pursuant to the FDCPA).

Moreover, Plaintiff has failed to allege that Defendant Rosatti attempted to collect the debt that was allegedly owed to Bank of America. Instead, Plaintiff alleges in conclusory form that "Defendants: a. [f]ailed to properly investigate Plaintiff's disputes regarding the alleged debt; b. [r]epossessed Plaintiff's vehicle while debt disputes were pending; c. [r]eported incorrect charge-off amounts to credit reporting agencies; and d. [f] failed to properly credit Plaintiff's payment

10

made via check and IRS forms." ECF Docket Entry 1 ¶ 32. Read together with Plaintiff's allegation that his debt was with Bank of America, that it was Bank of America that failed to correctly report the "charge-off amounts", and that Bank of America failed to properly credit Plaintiff's alleged payments, (ECF Docket Entry 1 at ¶¶ 12-16, 23-24, Exs. B, C, D) Plaintiff's allegations establish that none of these actions were taken by Defendant Rosatti.

Plaintiff further alleges that the Vehicle was repossessed by Defendant Badeen and/or Allied Finance Adjusters/NYCR Industries Corp. ECF Docket Entry 1 at ¶ 19. Simply put, Plaintiff has failed to allege any actions by Defendant Rosatti (or Plaza Auto Mall) beyond that Defendant Rosatti allegedly sold Plaintiff the Vehicle. As such, Plaintiff has failed to sufficiently allege a violation of the FDCPA against Defendant Rosatti. Therefore, Plaintiff's second cause of action against Defendant Rosatti must be dismissed.

**C. Plaintiff Has Failed to Allege Sufficient Facts to Impose Personal Liability Against Defendant Rosatti**

New York maintains a strong presumption against imposing personal liability upon a corporate officer "absent clear evidence of an intent to create liability." See Lerner v. Amalgamated Clothing & Textile Workers Union, 938 F.2d 2, 5 (2d Cir. 1991). Here, Plaintiff's Complaint does not contain any allegations that would permit this Court to find that Defendant Rosatti had an intent to create liability against himself. In fact, the Bill of Sale that Plaintiff attaches to his Complaint at Exhibit A does not contain Defendant Rosatti's name on it, nor do any of the other Exhibits attached to the Complaint. The only fact that can arguably be said to be related to Defendant Rosatti's involvement in this action is that Defendant Rosatti "participated in the underlying transaction", meaning that Plaintiff alleged that Defendant Rosatti engaged in the sale of the Vehicle. While this is not the case, even taking Plaintiff's allegations as true, this surely does not rise to the level of clear evidence that Defendant Rosatti intended to create liability against

11

himself, personally. In fact, the only involvement that Plaintiff alleges against Defendant Rosatti – and to the extent possible, Plaza Auto Mall – is that Defendant Rosatti sold Plaintiff a Vehicle. The extent of any other actions taken by Defendant Rosatti ends there. Each of Plaintiff's allegations following the sale of the Vehicle are directly related to actions taken by either Defendant Moynihan (to the extent he personally engaged in those actions) and Defendant Badeen (to the extent he personally engaged in those actions).

As such, the Complaint falls well short of any actions taken by Defendant Rosatti to be personally liable for violations of the FCRA or FDCPA. See Anderson v. Bank of Am., N.A., 2014 WL 12587072, *2 (S.D. Texas Jan. 27, 2014) (dismissing claims against Moynihan because there are no other allegations about his direct involvement in the foreclosure proceeding apart from his being employment by Bank of America); Claunch v. Bank of Am., 2013 WL 3095041 (S.D. Miss. June 18, 2013) (dismissing Moynihan where plaintiff had not pleaded sufficient facts that would support ignoring corporate formalities). Therefore, any claim against Defendant Rosatti in his personal capacity must be dismissed, with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint against Defendant Rosatti should be dismissed in its entirety, with prejudice.[4]

**- THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK -**

---

[4] Defendant Rosatti adopts and incorporates the additional arguments asserted by Defendant Moynihan in connection with the FCRA and FDCPA claims.

Dated: Lake Success, New York
      May 15, 2025

**MILMAN LABUDA LAW GROUP PLLC**
  */s Kyle F. Monaghan, Esq.*
Jamie S. Felsen, Esq.
Kyle F. Monaghan, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
jamie@mllaborlaw.com
kyle@mllaborlaw.com

*Attorneys for Defendant John Rosatti*